# SOUTHERN PACIFIC RAILROAD COMPANY *v.* UNITED STATES.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 141.   Argued January 24, 1906.—Decided February 19, 1906.

Although a suit in equity cannot be maintained where there is an adequate remedy at law, and this objection may be taken for the first time in the appellate court, still, if not raised until then, the court need not, if the subject matter of the suit is of a class over which it has jurisdiction, dismiss the bill; and so held in regard to a suit brought by the Government, under an act of Congress, to recover from a railroad company the value of lands erroneously patented to and sold by it to numerous persons, some of whom were made defendants as representatives of the class, the bill also praying for cancellation of patents, quieting of titles, discovery and accounting.

Discovery, although now seldom the object of a suit in equity, and not always sufficient to uphold a suit when the full information is obtainable by proceedings at law, was a well-recognized ground of equity jurisdiction.

When by mistake a tract of land is conveyed, and the vendee prior to discovery of the mistake, conveys to a *bona fide* purchaser, the original owner is not limited to a suit to cancel the conveyances and reëstablish his own title, but may elect to confirm the title of the innocent purchaser and recover of his own vendee the value of the land up to at least the sum received by him.  The conveyance to the innocent purchaser is equivalent to a conversion of personal property.

The acts of March 3, 1887, 24 Stat. 556, of February 12, 1896, 29 Stat. 6, and of March 2, 1896, 29 Stat. 42, do not in providing for adjustment of railroad land grants, amount to a taking of the railroad companies' property without compensation because they confirm sales made to *bona fide* purchasers of lands erroneously patented to railroad companies and require such companies to account for and pay to the Government the amounts received by them from such purchasers up to the regular Government price.

THIS was a suit begun in the Circuit Court of the United States for the Southern District of California, by bill filed April 13, 1899.  The parties named as defendants were the Southern Pacific Railroad Company, the trustees in certain mortgages, and a number of individuals sued as representatives

of a class. In a general way it may be said that the bill averred that a large body of lands, some thirty thousand acres and over, had been erroneously patented to the railroad company, and that portions thereof had been conveyed by it to *bona fide* purchasers. The relief sought was the confirmation of the titles of *bona fide* purchasers, the cancellation of the patents to the other lands, and the recovery from the railroad company of the value of the lands conveyed by it to *bona fide* purchasers in accordance with the terms of the acts of Congress of March 3, 1887, 24 Stat. 556; February 12, 1896, 29 Stat. 6; March 2, 1896, 29 Stat. 42, providing for the adjustment of railroad land grants. After answers by the railroad company and some of the individual defendants, proofs were taken, and upon a hearing a decree was entered which in separate paragraphs specifically confirmed the titles to the several tracts held by *bona fide* purchasers, and adjudged that the United States recover from the railroad company the value of those lands, a sum amounting in the aggregate to $33,596.92. 117 Fed. Rep. 544. This decree was affirmed by the Court of Appeals (66 C. C. A. 581; 133 Fed. Rep. 651), from whose decision the railroad company and the trustees appealed to this court.

*Mr. Maxwell Evarts* for appellants:

As complainant had a complete remedy at law there is no jurisdiction of the case in equity. The case is nothing more than an action of debt, *Litchfield* v. *Ballou,* 114 U. S. 190, and a judgment at law would be the exact equivalent of what complainant could obtain in the suit. *Lewis* v. *Cocks,* 23 Wall. 466; *Killian* v. *Ebbinghaus,* 110 U. S. 568, 574; *Allen* v. *Pullman Co.,* 139 U. S. 658; *Mills* v. *Knapp,* 39 Fed. Rep. 592; *Hoey* v. *Coleman,* 46 Fed. Rep. 221. *Kilbourn* v. *Sunderland,* 130 U. S. 505, and *Brown* v. *Lake Superior Iron Co.,* 134 U. S. 530, do not control this case. See *Jones* v. *Bradshaw,* 16 Grat. (Va.) 361; *Green* v. *Massie,* 21 Grat. (Va.) 362; § 723, Rev. Stat.; Amendment VII, Const. U. S.; *Scott* v.

*Neely,* 140 U. S. 106; *Buzzard* v. *Houston,* 119 U. S. 347; cases cited p. 351.

No patent is sought to be avoided nor any multiplicity of suits. No ground of equitable jurisdiction can be suggested. The case is not difficult or complex. *Lacombe* v. *Forstall,* 123 U. S. 562, 570; *United States* v. *Winona R. R. Co.,* 165 U. S. 463, 481. Nor does the fact that discovery and an accounting is sought justify going into equity. *Ex parte Boyd,* 105 U. S. 647; Tiedeman on Eq. Jur., 1893, § 550. And as to accounting not justifying equity jurisdiction see *French* v. *Hay,* 22 Wall. 231.

The act of Congress of March 2, 1896, so far as it purports to give a right of action in favor of the United States to recover the Government price of all land erroneously patented to the railroad and sold by it to *bona fide* purchasers is unconstitutional.

The United States might confirm the title to such purchasers or it might cancel their patents, but the railroad company was not a party to the passage of the act, and without its consent the United States could not confirm the title and compel the railroad company to pay the Government any part of the amount received therefor.

The passage of the act amounted to a judicial finding that the railroad company owed the Government, and that $1.25 per acre was the measure of damages. This was a judicial finding beyond the legislative power of Congress. *United States* v. *Union Pacific &t. R. Co.,* 11 Blatchf. 385, 392; aff'd 98 U. S. 569, 606; *United States* v. *Klein,* 13 Wall. 128; *Sinking Fund Cases,* 99 U. S. 700, 759; *Medford* v. *Learned,* 16 Massachusetts, 215; *Towle* v. *Railroad Co.,* 18 N. H. 547; *Pittsburgh Rai'way Co.* v. *Gazzam,* 32 Pa. St. 340, 350; *Craft* v. *Lofink,* 34 Kansas, 365, 376; *Lane* v. *Doe,* 4 Illinois, 238, 241; *Isom* v. *Railroad Co.,* 36 Mississippi, 300, 310; *Coosa River Steamboat Co.* v. *Barclay,* 30 Alabama, 120, 127; *State* v. *Hampton,* 13 Nevada, 439. The statute is void because its effect is to deprive the railroad company of its property without due

process of law in violation of the Fifth Amendment of the
Federal Constitution and its construction as in the present
case to create an indebtedness out of past transactions, when
no such indebtedness before existed, would make it uncon-
stitutional.

*Mr. Joseph H. Call*, Special Assistant to the Attorney Gen-
eral, for the United States:

Defendants having answered to the merits without de-
murrer or plea to the jurisdiction in equity, and put the Gov-
ernment to the expense of taking of testimony, they have
waived any right to object to the final determination in this
cause, as one in equity, the court having power to grant the
relief sought. *Brown* v. *Lake Superior Co.*, 134 U. S. 530,
535; *Insley* v. *United States*, 150 U. S. 512; *Perrego* v. *Dodge*,
163 U. S. 160 ; *Kilbourn* v. *Sunderland*, 130 U. S. 505,
514.

This bill is cognizable in equity as one to relieve against a
mistake and error in issuing patents to defendant for lands
not granted by the act of Congress, and to establish a trust
against and accounting for the proceeds of sales of such lands,
they or most of them having been sold to *bona fide* purchasers.
Equity not only takes jurisdiction but will grant the relief
sought.

These lands were excepted from the grant to the defendant
railroad by the terms of the acts of March 3, 1871, and July 27,
1866, and were erroneously patented to the Southern Pacific.
*United States* v. *Southern Pacific Railroad*, 146 U. S. 570, 619;
*Southern Pacific Railroad* v. *United States*, 168 U. S. 1. The
right of the United States to vacate and annul patents errone-
ously issued by the Land Department by bill in equity is
sustained by an unbroken line of authority. Story, Eq. Jur.
§ 134; *United States* v. *Stone*, 2 Wall. 525, 535; *United States*
v. *Minor*, 114 U. S. 233; *Mullan* v. *United States*, 118 U. S. 271;
*United States* v. *Bell*, 128 U. S. 315, 362; *Colorado Co.* v. *United
States*, 123 U. S. 307, 313; *Wisconsin Railroad* v. *United States*,

164 U. S. 190, 211; *Germania Iron Co.* v. *United States,* 165 U. S. 379, 383.

The jurisdiction in such cases is maintained in equity as arising in fraud, accident or mistake.

The United States also has a right to maintain a bill in equity to quiet and determine title to lands claimed adversely to the Government.

Section 738, Stat. California, Code of Civ. Pro., authorizes suits in equity to quiet and determine title to lands. *Pennie* v. *Hildredth,* 81 California, 127; *Pierce* v. *Felter,* 53 California, 18. The Federal courts will administer such relief in equity where authorized by state statute. *Reynolds* v. *Crawfordsville,* 112 U. S. 405, 412; *Chapman* v. *Brewer,* 114 U. S. 158, 170; *More* v. *Steinbach,* 127 U. S. 70, 84; *Hammer* v. *Garfield,* 130 U. S. 291, 295.

This bill is cognizable in equity as one brought to avoid multiplicity of suits. Pomeroy's Eq. Jur., 255, 269; *Brown* v. *Guarantee Trust Co.,* 128 U. S. 403, 410; *Ogden* v. *Armstrong,* 168 U. S. 224, 237; *Smyth* v. *Ames,* 169 U. S. 466; *Hayden* v. *Thompson,* 71 Fed. Rep. 60, 67; *Kelley* v. *Boettcher,* 85 Fed. Rep. 55, 64; *Barcus* v. *Gates,* 89 Fed. Rep. 783, 791; *Bailey* v. *Tillinghast,* 99 Fed. Rep. 801; *Whitehead* v. *Sweet,* 126 California, 67, 75; *Southern Pacific Co.* v. *Robinson,* 132 California, 408.

Where it is impracticable to make all the persons who are interested parties defendant, the court may proceed to a final decree, where such persons are sufficiently represented by others. The defendants before the court fairly represent a class of purchasers claiming protection under the acts of 1887 and 1896, and the courts below so found, and in such a case the court may proceed to a final decree. Equity Rules, 48; Story's Eq. Pl. §§ 95, 97; *Davis* v. *Gray,* 16 Wall. 203, 232.

Special jurisdiction in equity has been conferred by Congress upon the Circuit Court to confirm titles of *bona fide* purchasers and render judgment against the railroad company for value of lands. Act of Congress of March 2, 1896.

This is a constitutional exercise of power by Congress and creates an additional and new ground of equity which may be administered. *Holland* v. *Challen*, 110 U. S. 15; *Arndt* v. *Griggs,* 134 U. S. 316, 320; *Bardon* v. *Land Co.*, 157 U. S. 327, 330; *Cowley* v. *Railroad Co.*, 159 U. S. 569, 583.

Where land or other property has been transferred from one to another wrongfully or under a mistake, the court will establish and construct a trust in the property, and in its proceeds, in favor of the beneficiary, and against the person wrongfully holding it, and will require the trustee to return the property or its value.

It was not within the intention of the United States to convey the lands to the defendant, and that intent is shown by the granting act. The defendant is therefore bound in equity to reconvey the lands to the United States if still within its power to do so, and if not, then to pay to the United States what it received for them or their reasonable value. *Chapman* v. *Douglas County*, 107 U. S. 348, 360; Perry on Trusts, § 186; Story's Eq. Jur. §§ 134, 1261, 1263; Story Eq. Pl. § 221; Pomeroy's Equity Jur. §§ 155, 156, 1044; *May* v. *Le Claire*, 11 Wall. 217, 236; *Cook* v. *Tullis*, 18 Wall. 332, 341; *Angle* v. *Chicago Railroad*, 151 U. S. 1, 26; *Townsend* v. *Vanderwerker*, 160 U. S. 171, 179; *New Orleans* v. *Warner*, 175 U. S. 120, 129; *Clews* v. *Jamieson*, 182 U. S. 461, 479; *Taylor* v. *Benham*, 5 How. 233, 274.

The bill is maintainable as one for accounting and discovery. Story's Eq. Jur. §§ 441–456; Pomeroy's Eq. Jur. § 1420; *Kirby* v. *Lake Shore Railroad*, 120 U. S. 130, 134; *Colonial Mortgage Co.* v. *Hutchinson Mortgage Co.*, 44 Fed. Rep. 219.

The jurisdiction of courts of equity in matters of account is well settled, especially where discovery is sought, and always where discovery is made. *United States* v. *Old Settlers*, 148 U. S. 427, 465; *Fowle* v. *Lawrason*, 5 Pet. 495; *Magic & Co.* v. *Elm*, 14 Blatch. 114; *Kelley* v. *Boettcher*, 85 Fed. Rep. 55; *Gas Co.* v. *Indianapolis*, 90 Fed. Rep. 196; *McMullen* v. *Strother*, 136 Fed. Rep. 295.

The jurisdiction in equity in this case is sustained because the final relief sought and the mode of obtaining it is more efficient than in a court of law. Cases *supra* and *Oelrichs* v. *Spain*, 15 Wall. 211, 228; *Joy* v. *St. Louis*, 138 U. S. 1, 11, 50; *Chicago Railroad* v. *Union Pac. Railroad*, 47 Fed. Rep. 15, 26; *United States* v. *Union Pac. Railroad*, 50 Fed. Rep. 28, 43.

The legislation of Congress, acts of 1866 and 1871, for the construction of the railroad, its public uses, grant of lands, and their sale by the road, and requiring repayment of value of lands erroneously patented as required by the acts of 1887 and 1896, shows that the railroad company was a trustee of the Government for those purposes. *United States* v. *Michigan*, 190 U. S. 379; *California* v. *Southern Pacific Railroad*, 127 U. S. 1.

And the power and right to consummate those ends were franchises conferred by the United States for National purposes.

Where a court of equity takes jurisdiction of a cause upon one ground, pertaining either to its exclusive or concurrent jurisdiction, it will retain it to do complete justice, even to granting legal remedies. *Ober* v. *Gallagher*, 93 U. S. 199; *Root* v. *Railway*, 105 U. S. 189, 205; *Ward* v. *Todd*, 103 U. S. 327; *Hopkins* v. *Grimshaw*, 165 U. S. 342, 358; *Smyth* v. *Ames*, 169 U. S. 466, 516; *United States* v. *Winona Railroad*, 165 U. S. 481, distinguished. See *Oregon Railroad* v. *United States*, 189 U. S. 103, 115.

The acts of March 3, 1887, and March 2, 1896, requiring repayment for lands erroneously patented and sold to *bona fide* purchasers are amendatory of the act of 1866 and authorized by the provision reserved to alter, amend or repeal the act of July 27, 1866. Cases *supra* and *Shields* v. *Ohio*, 95 U. S. 319; *United States* v. *Oregon Railroad*, 176 U. S. 47, 48.

The Southern Pacific Company has fully accepted the benefits of the acts of 1887, and 1896, and is bound by their obligations. *Daniels* v. *Tearney*, 102 U. S. 415, 421; *Grand Rapids* v. *Osborn*, 193 U. S. 17, 29; § 1589, Cal. Civil Code.

The legal presumption of acceptance is supplemented by the

fact that the company accepted the provisions of this act and claimed its benefits, not alone in this suit, but in other litigations between the United States and the Southern Pacific Railroad Company.

Lands within the granted limits of the Atlantic and Pacific grant of July 27, 1866, cannot be taken by the Southern Pacific as indemnity under its grant of same date or later grant of March 3, 1871. *United States v. Southern Pacific Railroad,* 146 U. S. 570, 615, 619; *Southern Pacific Railroad v. United States,* 168 U. S. 1, 46, 47; *Germania Iron Co. v. United States,* 165 U. S. 379, 383.

These lands described in the bill were set apart by act of Congress for the construction of the Atlantic and Pacific Railroad, and as these lands were granted to another railroad than the Southern Pacific for another and different object of internal improvement, the Southern Pacific cannot obtain any benefit from that grant, or by taking indemnity for them, which would amount to the same thing. *Southern Pacific v. United States,* 168 U. S. 1, 47; *Clark v. Herrington,* 186 U. S. 206, 208; *Southern Pacific v. United States,* 189 U. S. 147, 452; *Chicago Railroad v. United States,* 159 U. S. 372; *Sioux City Railroad v. United States,* 159 U. S. 349, 366; *St. Paul Railroad v. Winona Railroad,* 112 U. S. 720; *Sioux City Railroad v. Chicago Railroad,* 117 U. S. 406; *United States v. Missouri Railroad,* 141 U. S. 358; *Southern Pacific Railroad,* 6 L. D. 349, 350; *Southern Pacific Railroad,* 6 L. D. 816; *Southern Pacific Railroad v. Moore,* 11 L. D. 534; *Smead v. Southern Pacific,* 29 L. D. 135.

Neither the dismissal of the lands in this suit from a former litigation, nor the adjudication in such former litigation, as to the rights and claims of the Southern Pacific under its grants, nor the adjudication of title to other lands, estops the Government from maintaining this bill.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

The appellants challenge the decree on two grounds: First, that a suit in equity cannot be maintained, because there is a plain, adequate and complete remedy at law; and, second, that the United States cannot by legislation create an obligation of the railroad company for the value of the land patented to and conveyed by it to *bona fide* purchasers.

No objection was made to the jurisdiction of the court as a court of equity by any pleading or before the hearing. It is undoubtedly true that a suit in equity cannot be maintained when there is a plain, adequate and complete remedy at law. Such is the mandate of the Revised Statutes, § 723, as well as the general rule in equity. *Lewis* v. *Cocks,* 23 Wall. 466; *Killian* v. *Ebbinghaus,* 110 U. S. 568; *Litchfield* v. *Ballou,* 114 U. S. 190; *Allen* v. *Pullman's Palace Car Company,* 139 U. S. 658. It is also true that this objection need not always be raised by some pleading, but may be presented on the hearing even in the appellate court, and if not suggested by counsel may be enforced by the court on its own motion. See authorities just cited. But on the other hand it is equally true that where the objection that the plaintiff has an adequate remedy at law is not made until the hearing, and the subject matter is of a class over which a court of equity has jurisdiction, the court is not necessarily obliged to entertain it, even though if taken *in limine* it might have been worthy of attention. *Wylie* v. *Coxe,* 15 How. 415, 420; *Reynes* v. *Dumont,* 130 U. S. 354, 395; *Kilbourn* v. *Sunderland,* 130 U. S. 505, 514; *Brown* v. *Lake Superior Iron Company,* 134 U. S. 530; *Insley* v. *United States,* 150 U. S. 512, 515; *Perego* v. *Dodge,* 163 U. S. 160, 164; 1 Daniell's Chan. Pl. & Pr. (4th ed.), p. 555. It is necessary, therefore, to notice more in detail the allegations in the bill. That sets forth land grants to the Atlantic and Pacific Railroad Company, the Southern Pacific Railroad Company and the Texas Pacific Railroad Company. It shows the acceptance by the Altantic and Pacific Company of its grant, the filing of its maps of definite location, a failure to complete its road within the State of California, an act of Congress forfeit-

ing the lands along the line of said road within that State, a claim of the Southern Pacific Company to some of those lands, the erroneous patenting of them to that company, a demand for a reconveyance, and the acts of Congress in respect to the adjustment of railroad land grants. The bill further alleges that more than one thousand persons, among whom are the individual defendants named in the bill, who are sued as representatives of the class, had purchased by immediate or mesne conveyances from the Southern Pacific Company certain of those lands specifically described in Exhibit A; that all these purchasers' claim an interest in the lands, but the nature and extent of their claims are unknown; that a prior suit, brought to vacate and annul patents, included those lands, and had been dismissed as to them without prejudice, upon the claim of the Southern Pacific Company that it had conveyed them to *bona fide* purchasers. In an amendment to the bill is a prayer (in order to secure an accounting with the railroad company) for a statement of the sales of these tracts, with the names of the purchasers, dates of sales, purchase prices and amounts paid. The bill also alleges that there is a dispute between the railroad company and the persons purchasing or contracting with it in respect to the validity of the title conveyed, or attempted to be conveyed, by the company; avers that the United States has no desire to question the title of *bona fide* purchasers, but on the contrary seeks to have such title confirmed. It prays for a determination of the tracts sold to *bona fide* purchasers, to the end that the titles thereto may be confirmed, for a decree vacating and annulling the patents for any lands not so sold, and quieting the title of the United States thereto, and that the railroad company be required to account to the United States for the value of the lands sold to *bona fide* purchasers, or such sum as had been received by the company from those sales, not exceeding $1.25 per acre, and for such other and further relief as is just and equitable.

It is contended by the railroad company that this is merely

an action in assumpsit to recover the amount claimed to be due for the lands patented to and sold by it to *bona fide* purchasers. But this ignores the full scope of the suit. The bill asked cancellation of the patents and a quieting of the title of the plaintiff to those lands still held by the company, or not sold to *bona fide* purchasers. It prayed a discovery of all sales and conveyances, with the dates of the sales and the amounts received thereon. It also sought a confirmation specifically of the titles of *bona fide* purchasers, and finally an accounting with and recovery from the company. A cancellation of patents and a quieting of title is obtainable in equity. *Hughes* v. *United States,* 4 Wall. 232; *Moore* v. *Robbins,* 96 U. S. 530; *Mullan* v. *United States,* 118 U. S. 271; *Williams* v. *United States,* 138 U. S. 514; *Germania Iron Company* v. *United States,* 165 U. S. 379. It is true no decree was entered for the cancellation of any patents, and that matter was thus eliminated from the litigation. But the confirmation of the title of specific tracts to *bona fide* purchasers, which did pass into decree, is equally within the jurisdiction of a court of equity. While discovery is now seldom the object of a suit in equity, and doubtless would not uphold such a suit when the full information was obtainable by proceedings at law, yet it was a well recognized ground of equity jurisdiction, *Kennedy* v. *Creswell,* 101 U. S. 641, 645; 1 Story's Eq. Jur., 11th ed., secs. 689 and following; 1 Pomeroy's Eq. Jur. sec. 193 and cases cited in notes, and whether in any given case a court of equity would be justified in acting is a question for its determination. It is unnecessary to determine whether, if properly challenged, the allegations in this bill were sufficient. Possibly not. *United States* v. *Bitter Root Development Company,* decided this day, *post,* p. 451. It is enough that discovery was sought, that discovery is not obtainable in an action at law, but only in a suit in equity. It may be that in order to support a recovery from the railroad company it was not necessary that there be a formal confirmation of the titles of the purchasers from it, or that the purchasers be made parties defend-

ant, yet it was competent for the court under the pleadings
to enter such a decree, and the Government was justified in
asking for it.   Indeed, such action seems to have been con-
templated by the statute, for in the second section of the act
of March 2, 1896, it is provided: "An adverse decision by the
Secretary of the Interior on the *bona fides* of such claimant
shall not be conclusive of his rights, and if such claimant, or
one claiming to be a *bona fide* purchaser, but who has not sub-
mitted his claim to the Secretary of the Interior, is made a
party to such suit, and if found by the court to be a *bona fide*
purchaser, the court shall decree a confirmation of the title,
and shall render a decree in behalf of the United States against
the patentee, corporation, company, person, or association of
persons for whose benefit the certification was made for the
value of the land as hereinbefore provided."

If only an action at law had been brought to recover the
value of these lands from the railroad company, unless the
verdict had been for the full amount claimed, $1.25 an acre,
or unless there had been specific findings of fact showing the
particular tracts on account of which recovery was given, it
would be open to grave doubt whether any titles would be
confirmed, even by inference, and a cloud would be left hang-
ing over the titles of each of these purchasers.   Clearly the
case here presented was within the jurisdiction of a court of
equity, and if there was any objection to that jurisdiction it
should have been made *in limine* and not after pleadings had
been perfected and proofs taken.

Passing to the other question, it is charged in the bill that
these statutes constituted a valid contract between the Gov-
ernment and the railroad company.   Now whether that be
strictly true we need not stop to consider.   It is enough that
upon the facts the Government was entitled to recover from
the company.   Erroneously and by mistake the officers of the
Government executed patents to the railroad company con-
veying the legal title to the lands.   The railroad company ac-
cepted such title and subsequently conveyed the lands to

parties who dealt with it in good faith. When by mistake a tract of land is erroneously conveyed, so that the vendee has obtained a title which does not belong to him, and before the mistake is discovered the vendee conveys to a third party purchasing in good faith, the original owner is not limited to a suit to cancel the conveyances and reëstablish in himself the title, but he may recover of his vendee the value of the land up to at least the sum received on the sale, and thus confirm the title of the innocent purchaser. The conveyance to the innocent purchaser is equivalent to a conversion of personal property. Irrespective, therefore, of the act of Congress the Government had the right, when it found that these lands had been erroneously patented to the railroad company and by it sold to persons who dealt with it in good faith, to sue the railroad company and recover the value of the lands so wrongfully received and subsequently conveyed. The acts of Congress really inure to the benefit of the railroad company and restrict the right of the Government, for they provide that the recovery shall in no case be more than the minimum Government price. In other words, the Government asks only its minimum price for public land, no matter what the value of the tracts or the amounts received by the company may be.

It may be noticed in this connection that in no case was the value of any land sold fixed in the decree above the sum received by the company therefor, and that in many instances that sum exceeded the minimum price of $1.25 per acre. It may also be noticed that by stipulation it appears that within the indemnity limits there still remains a large body of lands from which the railroad company can select lands in lieu of those involved in the suit.

We see nothing in this decision of which the railroad company can complain. The decree of the Circuit Court of Appeals is

*Affirmed.*