UNITED STATES v. SOUTHERN PAC. R. CO. et al.

(Circuit Court, S. D. California, S. D. January 21, 1907.)

No. 1,196.

PUBLIC LANDS—RAILROAD GRANTS—CONFLICTING GRANTS.

None of the lands within either the primary or indemnity limits of the grant made to the Atlantic & Pacific Railroad Company in California by Act July 27, 1866, 14 Stat. 292, c. 278, passed to the Southern Pacific Railroad Company by virtue of the grant of March 3, 1871, 16 Stat. 573, c. 122.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Public Lands, §§ 274, 275.]

In Equity. Suit to adjust land grant.

Stipulation as to Evidence.

Down to subdivision 5 this stipulation is the same as subdivisions 1, 2, 3, and 4 of the stipulation in case 1,114 (152 Fed. 303).

Subdivision 5.

Item 35. The northeast quarter of northeast quarter (N. E. ¼ of N. E. ¼) of section seven (7), in township six (6) north, range eight (8) west, San Bernardino base and meridian, is situated within primary limits of the land grant made to the Atlantic & Pacific Railroad Company by the hereinbefore mentioned act of Congress of July 27, 1866, and within indemnity limits of the land grant made unto the Southern Pacific Railroad Company by the hereinbefore mentioned act of Congress of March 3, 1871; but the said land is not within either primary or indemnity limits of the land grant made unto the Southern Pacific Railroad Company by the said act of Congress of July 27, 1866.

Item 36. The west half (W. ½) of section thirty-one (31), in township nine (9) north, range fifteen (15) west, San Bernardino base and meridian, is situated within indemnity limits of the land grant made unto the Atlantic & Pacific Railroad Company by the hereinbefore mentioned act of Congress of July 27, 1866, and within indemnity limits of the land grant made unto the

Southern Pacific Railroad Company by the hereinbefore mentioned act of Congress of March 3, 1871; but the said land is not within either primary or indemnity limits of the land grant made unto the Southern Pacific Railroad Company by the said act of Congress of July 27, 1866.

Item 37. The lands described in item 35 and item 36 of this stipulation as to evidence were patented by the United States unto the Southern Pacific Railroad Company by patent dated June 30, 1903, pursuant to said company's indemnity selection thereof as indemnity lands of its said March 3, 1871, land grant, by list No. 93, in due form, filed in the Los Angeles land office on November 10, 1902.

Item 38. It appears from the records of the United States Land Office for the Los Angeles District of California that within the indemnity limits of the grant made to the Southern Pacific Railroad Company by the act of Congress of March 3, 1871, there remains more than 50,000 acres of surveyed public land, vacant of record, embraced in odd-numbered sections returned as agricultural in character, which have not been selected as indemnity by said company, not including any lands embraced within either the granted limits or indemnity limits of the grant to the Atlantic & Pacific Railroad Company made by the act of Congress of July 27, 1866.

Item 39. The official "Land Office Report, 1875," at page 409, contains the following: "Statement Exhibiting Land Concessions by Acts of Congress to States and Corporations, &c."; Act March 3, 1871, c. 122, 16 Stats. 579; Southern Pacific Railroad Company, estimated quantity embraced within the 20 and 30 mile limits of the grant, 3,520,000 acres; estimated quantity which the company will receive from the grant, within the 20 and 30 mile limits thereof, 3,000,000 acres.

Item 40. On July 23, 1885, the said Southern Pacific Railroad Company sold, under contract for deed No. 4,722, for the full sum of $308 cash in hand that day paid, all of the lands described in item 36 of this stipulation as to evidence, unto the Atlantic & Pacific Fibre Importing & Manufacturing Company, a foreign corporation; and by instrument in writing bearing date January 27, 1893, the said Atlantic & Pacific Fibre Importing & Manufacturing Company assigned the said contract, and its interest in the lands therein described, unto Jackson Alpheus Graves, a citizen of the United States.

### Subdivision 6.

Item 41. Either party to this suit may introduce further and additional testimony or other evidence at any time within 90 days from this date.

Agreed to and signed on November 21, 1905.

Joseph H. Call,
Special Assistant U. S. Attorney.
Wm. Singer, Jr.
Attorney for the said Defendants.

Wm. F. Herrin,
Albert Rathbone,
Counsel for the Said Defendants.

Indorsed No. 1196. U. S. Circuit Court, Southern District of California, Southern Division. United States v. Southern Pacific Railroad Co. et al. Stipulation as to evidence. Filed November 24, 1905. Wm. M. Van Dyke, Clerk; Chas. N. Williams, Deputy. Wm. Singer, Jr., 1127 Merchants' Exchange, San Francisco, Cal., Atty. for Defendants.

The Attorney General and Joseph H. Call, U. S. Atty.

Wm. F. Herrin, Wm. Singer, Jr., and Albert Rathbone, for defendants.

ROSS, Circuit Judge. The agreed statement of facts shows that one of the two tracts of land involved in this suit is situated within the primary, and the other within the indemnity, limits of the grant made by Congress to the Atlantic & Pacific Railroad Company by Act July 27, 1866, c. 278, 14 Stat. 292. Neither of the tracts is within the

grant made by the same act to the Southern Pacific Railroad Company, but the latter company claimed them under the grant made to it by Act Cong. March 3, 1871, c. 122, 16 Stat. 573, under which it undertook to select them as indemnity land given it by that act, and which selections were allowed by the Land Department, followed by patents of the government.

Both of those acts of Congress, and the rights of the respective railroad companies thereunder, have heretofore been the subject of frequent consideration and adjudication by this court, as well as by the Supreme Court, so that it does not now seem necessary to do more than to cite the cases which, in my opinion, require a decree in this case in favor of the complainant. Accordingly, on the authority of Southern Pacific Railroad Company v. United States, 189 U. S. 447, 23 Sup. Ct. 567, 47 L. Ed. 896; United States v. Southern Pacific Railroad Company, 146 U. S. 570, 13 Sup. Ct. 152, 36 L. Ed. 1091; Southern Pacific Railroad Company v. United States, 183 U. S. 519, 22 Sup. Ct. 154, 46 L. Ed. 307; Southern Pacific Railroad Company v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355; United States v. Southern Pac. R. Co., 184 U. S. 49, 22 Sup. Ct. 285, 46 L. Ed. 425; United States v. Southern Pacific Railroad Company (C. C.) 117 Fed. 544; Southern Pac. R. Co. v. United States, 200 U. S. 341, 26 Sup. Ct. 296, 50 L. Ed. 507—judgment will be entered for the complainant.