SABRE v. UNITED TRACTION & ELECTRIC CO. et al.

(Circuit Court, D. Rhode Island. September 10, 1907.)

No. 2,694.

1. CORPORATIONS—ACTIONS BY STOCKHOLDER AGAINST CORPORATION—PARTIES.

To a suit by a stockholder of a holding corporation which holds all of the stock of certain street railway companies against such holding company for relief against its action in leasing the property of the street railway companies, and in taking other action alleged to have been without authority, and to have deprived complainant of his right to share ratably with other stockholders the entire net earnings of the street railway companies, the latter companies are not necessary parties; no question of their internal management being involved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 719.]

2. SAME—SUIT BY STOCKHOLDER—JURISDICTION.

Such a suit is not one relating to the internal management of the defendant corporation which can only be brought in the state of its incorporation, but is one to protect the individual rights of complainant, and may be maintained in any court having jurisdiction over the defendant.

3. EQUITY—PLEADING—DEFENSE OF LACHES.

Where a suit in equity is brought within the time fixed by the analogous statute of limitations, the bill is not demurrable for laches because of delay alone, but such defense, if not apparent on the face of the bill from other circumstances than such delay, must be made by answer setting up other facts which make the doctrine of laches applicable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 498.]

4. SAME—RIGHT OF ACTION—FORM OF RELIEF.

A complainant is not debarred from all relief in equity against a voidable transaction by which others besides himself are affected, and in which they have acquiesced because he does not seek to have such transaction avoided as to them, but asks only equitable compensation for the injury resulting to himself.

In Equity. On demurrer to bill.

Gardner, Pirce & Thornley, Rathbone Gardner, and Lewis A. Waterman, for complainant.

Edwards & Angell and Walter F. Angell, for defendants.

BROWN, District Judge. The bill alleges that the complainant is a stockholder of the United Traction & Electric Company, a New Jersey corporation, which owned and held all the shares of capital stock of the following street railway corporations of Rhode Island: Union Railroad Company, Pawtucket Street Railway Company, and Providence Cable Tramway Company, and of other similar corporations—that said United Traction & Electric Company up to June 24, 1902, was entitled to receive and did receive all the earnings and profits of each and all of said corporations over and above the expense of op-

erating and maintaining the same, by way of dividends upon the capital stock of said corporation; and that moneys so received were applicable to the payment of dividends upon the capital stock of the United Traction & Electric Company. On the defendants' brief, this company is described as a mere holding company, having no property in the state of Rhode Island and deriving no powers from the Legislature of this state.

On or about April 3, 1902, the General Assembly of Rhode Island incorporated the Rhode Island Company, which was given authority to acquire, by lease, purchase, or otherwise, the property of any gas companies, electric lighting companies, and street railway companies incorporated under the laws of Rhode Island. On or about June 24, 1902, the United Traction & Electric Company, as the owner and holder of all the capital stock of the various street railway companies, voted that each of said street railway corporations should lease to the Rhode Island Company for a period of not less than 99 years all its property, rights, and franchises, upon the terms that the Rhode Island Company as lessee should pay a sum sufficient to enable the United Traction & Electric Company to pay to its stockholders dividends at the rate of 5 per cent. per annum, and should guarantee the payment of dividends at said rate to stockholders of said United Traction & Electric Company.

The bill avers, upon information and belief, that the action of the United Traction & Electric Company, in voting to make said lease, "was either without authority, or was solely by the pretended authority of the board of directors of said United Traction & Electric Company, and that the stockholders of said United Traction & Electric Company were not notified of said proposed action, and had no opportunity to vote upon the same"; that the Rhode Island Company as lessee has since received all the net profits and earnings of said Rhode Island street railway corporations over and above the amount of rental reserved by such lease. It further alleges: The incorporation under the laws of the state of New Jersey on or about May 21, 1902, of a corporation by the name of the Rhode Island Securities Company, authorized by its charter to acquire, hold, and dispose of any or all of the capital stock of other corporations. That said Rhode Island Securities Company has acquired and holds all the shares of capital stock of the Rhode Island Company—

"and, as the holder of such stock, claims the right to receive and does receive all the net earnings of said Rhode Island Company, and that said Rhode Island Securities Company has and owns no other assets whatever."

"That either by virtue of said lease or leases or by the action of the respective boards of directors of the said United Traction & Electric Company and said Rhode Island Securities Company, each stockholder in said United Traction & Electric Company was offered one share of the capital stock of the Rhode Island Securities Company for every four shares of the capital stock of the United Traction & Electric Company held by such stockholder, * * * that all the stockholders of the United Traction & Electric Company, other than himself, have accepted the shares of said Rhode Island Securities Company allotted to them as in this paragraph set out."

For the purposes of the demurrer, we may assume that all the stockholders of the United Traction & Electric Company other than the

complainant have assented to the arrangement which the complainant contends is an infringement of his right as a stockholder of the United Traction & Electric Company.

The complainant avers that as a stockholder of the United Traction & Electric Company he is justly entitled to his proportionate share of the entire net earnings of the Rhode Island street railway corporations whose stock is held by said United Traction & Electric Company, and that by the lease of the properties of the Rhode Island corporations to the Rhode Island Company he is limited practically for all time to an annual dividend of 5 per cent. upon the par value of his said stock, and that the value of his stock has been thereby greatly diminished.

The bill differs from the ordinary stockholder's bill, in that it contains no specific allegations of fraud or conspiracy. It is apparently based upon the theory that the transfer to the Rhode Island Company was unlawful and unauthorized, and that he is entitled to equitable relief in consequence of the depreciation of the value of his stock by acts which were without authority, and legally null and void. He prays for discovery as to the terms and details of the transactions between the United Traction & Electric Company and the Rhode Island Company, and that the defendants "may account to the plaintiff for the value of his said stock in the United Traction & Electric Company, and, upon an accounting, may be decreed to pay to the plaintiff the full and fair value of his said four hundred shares of said stock as shown by such accounting, or, in lieu thereof, to issue to the plaintiff the same proportional part of all the stock of said Rhode Island Securities Company that your orator holds in the stock of the United Traction & Electric Company," and for further relief.

The bill contains other material allegations, but the nature of the principal questions may, perhaps, be understood from the foregoing statement. While it is true that the bill is in some respects indefinite, it seems sufficient to apprise the defendants of the nature of the claim when read with a fair degree of liberality. See Swift & Co. v. United States, 196 U. S. 375, 395, 25 Sup. Ct. 276, 49 L. Ed. 518.

The first and second assigned causes of demurrer raise the question whether the Union Railroad Company, the Pawtucket Street Railway Company, the Providence Cable Tramway Company, and the Rhode Island Company, all Rhode Island corporations, are indispensable parties. If so, and if any of said Rhode Island corporations should be joined as parties defendant, it is contended that this court would be without jurisdiction, since citizens of the state of Rhode Island would be complainant and defendants.

It is conceded by the defendants that both of the defendant corporations are mere holding companies. Their shares represent rights to the earnings of the various Rhode Island corporations and to control of the corporate action of those corporations. That these Rhode Island street railway corporations, all of whose shares are held or voted by holding companies, and whose corporate action is merely in obedience to the action of holding companies, have such independent existence as to render them indispensable parties, is doubtful. Viewing

the bill as relating principally to transactions between holding companies, it does not at present seem essential that these Rhode Island corporations be made active parties in this litigation. The present controversy apparently does not in substance relate to the internal management of the street railway corporations, but rather to the disposition of their earnings, and to the right of holding companies to exercise an external control. Unless the theory upon which these holding companies have proceeded should be regarded as unsound, we may dispense with parties whose independent rights may not be substantially affected by this litigation.

The third cause of demurrer is that the bill relates solely to the management of the internal affairs of foreign corporations, and to the relations of the complainant with said corporations as a stockholder therein. This does not seem to me to be well grounded. The complainant is proceeding solely for the protection of his individual rights. The bill shows that he is the only nonassenting stockholder of the United Traction & Electric Company, and, in substance, alleges that the securities company has gained possession of assets which legally and equitably belong to him. His rights against the securities company could not be worked out through an appeal by him, a stockholder in the United Traction & Electric Company, to the Rhode Island Securities Company, in which he is not a stockholder, since he has refused to accept stock of the latter company; and, in face of the assent of all other stockholders of the United Traction & Electric Company, he could hardly obtain relief by an appeal to them or to officers elected by them.

The fourth cause of demurrer is for laches. The bill was filed on May 14, 1906. The transactions complained of were on or about June 24, 1902. There are no allegations of ignorance or excuses for delay. The period of time which has elapsed is nearly 3 years and 11 months. This period is within the statute of limitations; and, when this is the fact, it is held by good authority that the bill is not demurrable in the absence of other circumstances than mere delay, but the defense of laches must be set up in the answer.

In Kelley et al. v. Boettcher et al., 85 Fed. 55, 62, 29 C. C. A. 14, 21, it was said by the Circuit Court of Appeals for the Eighth Circuit:

"When a suit is brought within the time fixed by the analogous statute, the burden is on the defendant to show, either from the face of the bill or by his answer, that extraordinary circumstances exist which require the application of the doctrine of laches; and, when such a suit is brought after the statutory time has elapsed, the burden is on the complainant to show, by suitable averments in his bill, that it would be inequitable to apply it to his case."

See, also, Boynton v. Haggart, 120 Fed. 819, 57 C. C. A. 301.

While it is true that "courts of equity often treat a lapse of time, less than that prescribed by the statute of limitations, as a presumptive bar, on the ground 'of discouraging stale claims, or gross laches, or unexplained acquiescence in the assertion of an adverse right'" (see Hayward v. National Bank, 96 U. S. 611, 617, 24 L. Ed. 855; Harwood v. Railroad Company, 17 Wall. 79, 21 L. Ed. 558), I am of the opinion that it is not clear, upon the face of the bill, that the com-

plainant's delay disentitles him to any form of relief, and the question of laches may be reserved for answer.

The fifth cause of demurrer is for lack of equity. The questions of law which arise upon the allegations of the bill are numerous, and I am of the opinion that this is a proper case for overruling the fifth cause of demurrer, with liberty to the defendants to insist upon the same defense by answer. See Kansas v. Colorado, 185 U. S. 125, 144, 22 Sup. Ct. 552, 46 L. Ed. 838. The question of the right of this complainant to set aside entirely the various transactions as null and void, and of his right to obtain for himself some form of compensation with the least possible disturbance of existing arrangements, are quite distinct. The complainant's failure to attempt to set aside completely transactions to which so many have agreed is not necessarily a reason for denying all relief. A court of equity does not feel itself bound to a rigid application of a rule that an invalid conveyance must be altogether set aside in order to give proper relief to one who has suffered thereby. Equitable relief may at times be worked out more efficiently by allowing a voidable transaction to stand, upon condition that equitable compensation be made, than by avoiding it absolutely. Jones v. Missouri-Edison Electric Co., 144 Fed. 765, 75 C. C. A. 631; Southern Pacific v. United States (No. 1) 200 U. S. 341, 26 Sup. Ct. 296, 50 L. Ed. 507.

Demurrer overruled.