## MUTUAL LIFE INS. CO. OF NEW YORK v. MARKOWITZ et al. *

### No. 7796.

Circuit Court of Appeals, Ninth Circuit.
May 13, 1935.

Rehearing Denied June 24, 1935.

Frederick L. Allen, of New York City, F. Eldred Boland, and Knight, Boland & Riordan, all of San Francisco, Cal., and J. R. Girling, and O'Melveny, Tuller & Myers, all of Los Angeles, Cal., for appellant.

Arthur Rosenblum, of Los Angeles, Cal., for appellee.

Before WILBUR and DENMAN, Circuit Judges, and LOUDERBACK, District Judge.

DENMAN, Circuit Judge.

This appeal is from a decree dismissing a bill of complaint without leave to amend. The bill alleging the jurisdictional require-

*Writ of certiorari denied 56 S. Ct. 148, 80 L. Ed. ——.

ment as to the amount involved was brought by appellant, a New York corporation, against appellee, a California citizen. It alleges in effect two causes of action. The first is for the rescission of the provisions of a policy agreeing to pay the insured beneficiary certain monthly benefits in event of his total and presumably permanent disablement, because of his fraud in its procurement. The policy also insures against death, but the bill seeks no relief in that regard.

The policy contains an incontestability clause, and it is urged here that its terms prevent the consideration of the alleged fraud as warranting either equitable or legal relief. It is also arguable that the bill should have been dismissed because there existed a plain, adequate, and complete remedy at law, in that the defense of fraud could be set up in an action brought by the insured and the effect of the incontestability clause be there determined. Dismissal upon this latter ground would leave open for adjudication the effect of the clause on the alleged fraud.

The second cause of action is one at law, based on the same fraud, for the return of the company's payments to the insured, exceeding $6,000, on proof made to it of the existence of the disability. If the incontestability clause permits the consideration of the fraud, the bill was transferable to the law side of the court.

The decree bases the dismissal on the conclusion that the bill "does not state facts sufficient to constitute a valid cause of action in equity," without specifying upon which of the insufficiencies of fact the adjudication rests. It hence leaves in doubt what is res judicata between the parties, unless we infer from the failure to transfer the bill to the law side that the incontestability clause was held to preclude the defense of fraud.

■ Rescission for fraud in certain situations is an historical ground of equitable jurisdiction, and the objection that the bill discloses no more than a defense at law for fraud concerns the merits only and not the court's jurisdiction. Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 692, 47 S. Ct. 755, 71 L. Ed. 1297; Reynes v. Dumont, 130 U. S. 354, 9 S. Ct. 486, 32 L. Ed. 934; Buffum v. Peter Barceloux Co., 289 U. S. 227, 236, 53 S. Ct. 539, 77 L. Ed. 1140.

■ Both parties argued here the question whether, with such an incontestability clause, there was any defense at all at law on claims for future benefits, and thus acquiesced in invoking its decision by this court sitting in equity. Hence this court has the power to dispose of that question and make the decision res judicata between the parties. Southern Pacific R. Co. v. U. S., 200 U. S. 341, 26 S. Ct. 296, 50 L. Ed. 507.

■ If decided in the affirmative the court must refuse to transfer the cause to the law side. Stevenson v. Holstein-Friesian Ass'n (C. C. A.) 30 F.(2d) 625. Since resolving it in the affirmative here would finally dispose of the case, we consider first the effect of the incontestability clause.

■■ The wording of the clause, so far as affecting the disability insurance, is identical with that in the case of Ness v. Mutual Life Ins. Co. (C. C. A.) 70 F.(2d) 59. The clause reads: "Incontestability.—Except for non-payment of premiums and except for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in Sections 1 and 3 respectively, this Policy shall be incontestable after one year from its date of issue unless the Insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

The insurance company claims here that the policy created two distinct and separable insurances, one against the death and the other against the disability of the insured. It claims, in effect, that the incontestability clause should be interpreted as if it read: "The insurance against death in this Policy is incontestable, except for the non-payment of premiums and for the restrictions and provisions applying to double indemnity, after one year from its date of issue unless the insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

Instead of such a plain affirmation of its purpose to confine the clause to the insurance against death, the company's draftsman employs involved limiting exceptions applying to the disability insurance. The phrasing by exception, though unnecessary, might have established the company's contention if the draftsman had used the simple wording, "except as to the disability insurance." The clause, however, excepts only the restrictions and provisions applying to disability benefits "as provided in Section * * * 3" of the policy.

398

The restrictions and provisions of section 3 are the same as those in the policy considered in the Ness Case. We are in agreement with the analysis of the opinion in that case leading to the conclusion that there is no ambiguity in the clause; that it clearly provides that the company saved its right to contest only in matters arising from the restrictions and provisions specifically set forth in section 3; and that the disability insurance is incontestable as to causes growing out of acts of the insured in its procurement. Since the period of contestability had passed before the bill was filed, the defense of fraud in the procurement of the policy is not available against the insured either at law or in equity.

Upon this insufficiency of the bill the dismissal without leave to amend is required, and the decree is affirmed.