### COLUMBIAN NAT. LIFE INS. CO. v. WALLERSTEIN.

#### No. 426.

District Court, N. D. Indiana, South Bend Division.

Feb. 26, 1936.

Vesey & Shoaff, of Fort Wayne, Ind., for plaintiff.

Floyd O. Jellison, of South Bend, Ind., for defendant.

SLICK, District Judge.

Plaintiff is a life insurance company organized and doing business under the laws of the state of Massachusetts. Defendant is a citizen of Indiana. Plaintiff brings this action at law and alleges in its complaint that on the 22d day of September, 1928, it issued to the defendant three life insurance policies of $5,000 each; that defendant in his applications for these insurance policies specifically stated that he was not suffering and never had suffered from diabetes; that he had at that time no physician and never had taken any treatment from a physician for diabetes; that in truth and in fact defendant had been a long sufferer from diabetes, was then suffering from diabetes, and knew he had diabetes, and was taking the insulin treatment. In other words, plaintiff charges that defendant was guilty of fraud and deceit in obtaining the issuance of these three policies of insurance.

Plaintiff then further alleges that on September 30, 1933, five years after the policies had been issued, defendant made claims under said policies for monthly payments provided therein in the sum of $100 per month, and that plaintiff is compelled to pay these monthly payments and will be compelled to pay the same during the life of defendant.

The complaint then alleges that each of said policies contained the following clause:

"This policy shall be incontestable after one year from date of issue except for non-payment of premium, subject, however, in case of misstatement of age to an adjustment of the insurance proportionate to the premium due at the true age.

"All statements made by the insured in the application shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy, or be used in defense to a claim under it unless contained in the written application and a copy of the same attached hereto."

And that because of this incontestable clause plaintiff is precluded from defending against the payment provided for in said policies and is therefore damaged. It sues for $20,000 damages.

■ Defendant demurs to this complaint, and, of course, for the purpose of the de-

murrer, admits all the allegations in the complaint that are well pleaded. For the purpose of this ruling, therefore, it may be taken as admitted that the defendant secured the policies enumerated by practicing a deliberate, intentional, and conscious fraud, and, of course, were it not for the incontestability clause, plaintiff would not be liable in a suit upon these policies if it could establish in defense to a suit on the policies the principal allegations of fraud contained in its complaint.

It will be seen at the outset that this is a very novel action. Counsel have not cited this court to any decisions wherein this exact question has been decided. Plaintiff argues forcefully and rather logically that under the well-established principles of law applicable to fraud in contracts, plaintiff is given its election of three separate and distinct remedies: First, to defend on the ground of fraud an action brought on the policy; second, to bring a suit in equity to rescind the contract; and, third, affirm the contract and sue for damages.

Plaintiff admits that in neither the first nor second instance can it make a successful contest because it is prevented from so doing by the provision in the policies that they shall be incontestable for any reason after the expiration of one year. The contention therefore is that plaintiff may sue for damages arising out of the deceit and fraud practiced on it by defendant in obtaining these policies and thus binding plaintiff to payments under the same.

If plaintiff is permitted to succeed under its theory, it is doing indirectly what it has contracted it cannot do directly. It would be rather an anomalous proceeding to hold that defendant may recover against plaintiff under the terms of his fraudulent contract and plaintiff would not be permitted to defend any suit because it has contracted away its right to do so, and yet hold that defendant is liable in damages to the plaintiff.

There is no question with reference to the validity of this incontestable clause, and the courts have upheld in many instances similar clauses in life insurance policies. Two cases decided in 1935 by the Circuit Court of Appeals for the Ninth Circuit, while not- founded on the same state of facts, show the reasoning of the court in that circuit in reference to the effect of the incontestable clause in life insurance contracts. The first case decided is Mutual Life Insurance Company of New York v. Markowitz, found in 78 F.(2d) 396, 397. This was a suit in equity brought by a life insurance company for rescission of the provisions of a policy agreeing to pay monthly benefits in the event of total disability, and for the recovery of payments made by the company to the insured for such disability. The court stated, "If the incontestability clause permits the consideration of the fraud, the bill was transferable to the law side of the court," and then the bill is dismissed for want of equity, inferentially holding that the company had no claim for the return of payments made under the policy, which, like the case at bar, was obtained by fraud.

The second case is New York Life Insurance Company v. Kaufman, 78 F.(2d) 398, 403, which is quite similar, and the court held that there was "strong reason for holding that the incontestability clause prevents a contest based upon a fraudulent breach of the provisions and agreement of the application."

Likewise, Service Life Insurance Company v. Julius Weinberg, 81 F.(2d) 359, decided by the Circuit Court of Appeals for this Circuit January 13, 1936, while not identical with the case at bar, throws light on the theory the courts have adopted in reference to the effect of these incontestability clauses. There the court said, "Whatever the insured may have done after incontestability became fixed— whether done in good faith or in bad, fraudulent or otherwise—could not affect the policy or liability under it."

True, plaintiff argues that all these decisions only prevent a contest on the policy and make it positive that the plaintiff has been defrauded, and for that reason plaintiff should be permitted to recover its damages because of the fraudulent misrepresentations.

This incontestability clause is, as has been said, in the nature of a statute of limitation and repose, and while conscious fraud practiced in inducing another to act, to his detriment, is extremely obnoxious, yet the law recognizes that there should be a limitation of time in which an action may be brought or a defense set up. The parties in the case at bar have contracted that this limitation shall be one year.

Many hardships and much injustice result from our statutes of limitation, and yet such statutes have universally been upheld as in the best interests of society as

a whole, i. e., A is guilty of a tortious wrong against B resulting in grievous injuries and total disability. B, although free from negligence, may not bring suit for his damages after two years. A buys a horse of B and agrees to pay B $100. After the expiration of six years, B is precluded from recovering. A borrows $10,000 of B and gives his promissory note. After the expiration of ten years, B cannot recover, although A has never paid anything on the note.

These simple illustrations show the stringent character of the limitation statutes and are no harsher than the limitation in the policy of insurance voluntarily placed there by plaintiff in this suit.

In Mutual Life Insurance Co. of N. Y. v. Hurni Packing Company, 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102, very eminent counsel representing the insurance company, in speaking in their brief concerning an incontestability clause, said, "The fair and unmistakable intention of the parties was that, when the company assumed responsibility, it should have two full years thereafter to determine whether the insured had practiced any fraud upon the insurer."

I am persuaded that the incontestability clause written into the contract by the plaintiff with full knowledge as to what it imported prevents any suit based on fraud or deceit practiced in obtaining the policies after the expiration of the time fixed in the policies, and for that reason an order will be entered sustaining the demurrer.