EMMA V. BREIDENBACH, complainant-respondent,

*v.*

HARRY I. BREIDENBACH and ELSIE H. HUB, defendants-appellants.

[Submitted May term, 1941. Decided September 19th, 1941.]

*Mr. S. Herman Cohen,* for the complainant-respondent.

*Mr. Alfred J. Grosso,* for the defendants-appellants.

PER CURIAM.

Initially we note that the appeal papers as they came to us, were entitled in the reverse order of parties. This was contrary to our rule 20.

Further, the only party defendant entitled to an appeal, so far as we can see, is Elsie H. Hub. No appearance was entered for Harry I. Breidenbach. No answer or other pleading was filed in his behalf, and a decree *pro confesso* was entered against him.

Appellant asserts that "The court erred in accepting and retaining jurisdiction" inasmuch as "it is the established practice of the Court of Chancery to decline jurisdiction over the accountings of executors and testamentary trustees and to remit the parties to the Orphans' Court." The Court of Chancery has jurisdiction over the subject-matter, *Brown* v. *Fidelity Union Trust Co., 128 N. J. Eq. 197* (at *p. 200*), although it does, on occasion, refuse to retain the cause, *Summerill* v. *Summerill, 99 N. J. Eq. 502*. Where Chancery has jurisdiction and it is merely the practice of that court to decline to entertain a suit in matters over which the Orphans

Court has jurisdiction, the objection that there is an adequate remedy in the Orphans Court must ordinarily be definitely raised *in limine,* or it will be regarded as waived, and the judgment will not be tainted with error. See *Estate of Gilbert Smith, Inc.,* v. *Cohen, 123 N. J. Eq. 419* (at *p. 426*). The objection in the instant case was not raised until after the filing of answer and the opening made by counsel for the complainant at the hearing. The proceeding was then no longer *in limine.* Where the objection that the complainant has an adequate remedy at law is not made until the hearing and the subject-matter is of a class over which a court of equity has jurisdiction, the court is not then obliged to entertain the objection even though the objection, if made *in limine,* might have been worthy of consideration. *Southern Pacific Railroad Co.* v. *United States, 200 U. S. 341; 50 L. Ed. 507* (at *p. 510*). We prefer to justify the denial of motion to dismiss upon the principle just stated rather than upon the failure to notice the motion. Otherwise we affirm for the reasons stated by Vice-Chancellor Egan in his opinion reported in *128 N. J. Eq. 558.*

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.