### UNITED STATES v. JONES.

#### (District Court, D. Oregon. December 21, 1914.)

PUBLIC LANDS (§ 123*) — SPECIAL LIMITATION — EFFECT — FRAUDULENT PATENTS.

Act March 3, 1891, c. 561, 26 Stat. 1099, providing that suits by the United States to vacate and annul any patent previously issued shall only be brought within five years from the passage of the act, and suits to vacate and annul patents afterwards issued shall only be brought within six years after the date of the issuance of the patent, does not apply to actions by the United States to recover damages for alleged fraud committed in procuring the government's title to public lands through fraudulent entry and proof under the Homestead Act.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 123.*]

At Law. Action by the United States of America against Willard N. Jones. On demurrer to complaint. Overruled.

Clarence L. Reames, U. S. Atty., and E. A. Johnson, Asst. U. S. Atty., both of Portland, Or., for the United States.

Fulton & Bowerman and Schwartz & Saunders, all of Portland, Or. for defendant.

WOLVERTON, District Judge. The government seeks by this action to recover damages for alleged fraud committed by the defendant in procuring from the government title to several tracts of public lands through fraudulent entry and proofs under the Homestead Act. The statute of limitations adopted March 3, 1891 (26 Stat. 1099, c. 561), has run against annulment of the patents issued. The statute reads as follows:

"That suits by the United States to vacate and annul any patent heretofore issued shall only be brought within five years from the passage of this act, and suits to vacate and annul patents hereafter issued shall only be brought within six years after the date of the issuance of such patents."

It is contended that the statute bars, not only the remedy, but the right, and therefore no other right of action will lie for recovery on account of the fraud perpetrated in acquiring title to the lands. The effect of the statute is tersely stated by Mr. Justice Holmes, in United States v. Chandler-Dunbar Co., 209 U. S. 447, 450, 28 Sup. Ct. 579, 580 (52 L. Ed. 881), as follows:

"In form the statute only bars suits to annul the patent. But statutes of limitation, with regard to land, at least, which cannot escape from the jurisdiction, generally are held to affect the right, even if in terms only directed against the remedy. Leffingwell v. Warren, 2 Black, 599, 605 [17 L. Ed. 261];

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Sharon v. Tucker, 144 U. S. 533 [12 Sup. Ct. 720, 36 L. Ed. 532]; Davis v. Mills, 194 U. S. 451, 457 [24 Sup. Ct. 692, 48 L. Ed. 1067]. This statute must be taken to mean that the patent is to be held good, and is to have the same effect against the United States that it would have had if it had been valid in the first place. See United States v. Winona & St. Peter R. R. Co., 165 U. S. 463, 476 [17 Sup. Ct. 368, 41 L. Ed. 789]."

And in a later case—Louisiana v. Garfield, 211 U. S. 70, 29 Sup. Ct. 31, 53 L. Ed. 92—it is said:

"In United States v. Chandler-Dunbar Water Power Co., 209 U. S. 447 [28 Sup. Ct. 579, 52 L. Ed. 881] it was decided that this act applied to patents, even if void because of a previous reservation of the land, and it was said that the statute not merely took away the remedy, but validated the patent."

In other words, the running of the statute has the effect to vest in the patentee a perfect title to the land. Very true, but the statute is concerning suits to vacate and annul patents, and comprises but one remedy. That remedy having lapsed, the patent is validated, and the title becomes perfect in the holder under the patent. The language does not give it broader scope or operation.

It is settled law that the general government is not bound by any statute of limitations, unless Congress has clearly manifested its intention that it shall be so bound. United States v. Insley, 130 U. S. 263, 9 Sup. Ct. 485, 32 L. Ed. 968. The United States, like an individual, may have more than one right of suit or action growing out of the same transaction, and there exists no good reason why the government may not waive or avail itself of its remedies in like manner as can an individual. The point is well illustrated by the case of Southern Pacific Co. v. United States, 200 U. S. 341, 26 Sup. Ct. 296, 50 L. Ed. 507, wherein it appears that the government, through mistake, patented to the railroad company quite a large body of land, which subsequently passed into the hands of innocent purchasers. The government sued to recover the value of the land, and the suit was sustained. In disposing of the case, Mr. Justice Brewer, speaking for the court, says:

"When by mistake a tract of land is erroneously conveyed, so that the vendee has obtained a title which does not belong to him, and before the mistake is discovered the vendee conveys to a third party purchasing in good faith, the original owner is not limited to a suit to cancel the conveyances and re-establish in himself the title, but he may recover of his vendee the value of the land up to at least the sum received on the sale, and thus confirm the title of the innocent purchaser. The conveyance to the innocent purchaser is equivalent to a conversion of personal property."

If the government may sue to recover the value of lands procured from it through mistake, why may it not sue to recover the value of lands procured through fraud? In either case there are simply two remedies: One for the recovery of the land, where it has not passed to innocent holders; and the other for the value of the lands taken. It has its choice of remedies, and it may therefore waive one remedy and proceed upon the other. That, it seems to me, is all the government has done in the present case. Desiring to give stability to titles depending on patent from the government, it has preferred to confirm such titles after six years in the patentee, and thereby waive any right of action it may have had for annulment of the patent; but the language of the limitations act is not susceptible of broader construction,

and indicates no intendment to bar the government of its right of action to recover the value of land obtained through fraud.

I hold, therefore, that the present action is not barred by the statute. I make no decision as to the measure of recovery in damages.

Demurrer overruled.