## Theofila Galewski, Appellee, v. Clover Leaf Casualty Company, Appellant.

### Gen. No. 20,335.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed February 24, 1915.

### Statement of the Case.

Action by Theofila Galewski against Clover Leaf Casualty Company upon an accident insurance policy. From a judgment against defendant for one thousand dollars in favor of plaintiff, defendant appeals.

The insured died on October 21, 1912, and the suit was commenced on February 18, 1913. Paragraph "A" of the policy, entitled "Specific Losses," was in part as follows:

"If *any* of the following *specific disabilities* shall result solely from *such injuries*, within 60 days from date of accident, the Association will pay in lieu of all other indemnities under this policy.

For Loss of Life....................Principal Sum,
For Loss of Both Hands by Severance
at or above the wrist...............Principal Sum,

* * * * * * * *

For Loss of Entire Sight of One Eye, if
irrecoverably lost.................1/5 Principal Sum.

The payment of all amounts for *specific disability* in
Paragraph 'A' shall be made to the insured or to his
Beneficiary, if surviving, or in the event of her prior
death, to the legal heirs of the insured *in installments
of Twenty-five Dollars on the first day of each month*
until the full disability claim is paid, * * *"

The words "such injuries," as used in paragraph
"A", apparently had reference to the preceding para-
graph of the policy where it appeared that the insur-
ance was "against Bodily Injuries, effected directly
and independently of all other causes and solely
through external, violent and accidental means (suicide
whether sane or insane is not covered)."

BRADLEY, HARPER & EHEIM, for appellant; SAMUEL A.
HARPER, of counsel.

S. P. DOUTHART and FRED C. SMITH, for appellees;
GUERIN & BARRETT, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

## Abstract of the Decision.

1. INSURANCE, § 110*—*effect of insurer's failure to pay instalment
accrued.* In an action on an accident insurance policy, the failure
or refusal of the insurer to pay the first instalment when it becomes
due does not necessarily cause the entire principal sum to accrue.

2. INSURANCE, § 502*—*when policy not payable in lump sum.* Ac-
cident policy construed as providing for payment of principal sum,
in case of death due to certain causes, in monthly instalments and
not in a lump sum.

3. INSURANCE, § 667*—*evidence insufficient to show death by acci-
dental means.* Where it appeared that the insured was driving in
a buggy which was struck by a street car, the buggy apparently
not being damaged nor the insured injured, and the insured subse-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

quently drove away in the buggy, and after he had worked several days a physician was called who found him unconscious, the patient dying shortly thereafter, and the coroner's verdict introduced in evidence stated he died from septic meningitis, by extension from septic otitis media, following injuries when his buggy was struck by a street car, the testimony conflicting as to whether his death was the result in whole or in part from the injuries claimed to be due to the collision, *held* that the evidence was insufficient to support a verdict on the theory that the insured's death was caused through external, violent and accidental means.

4. PLEADING, § 200*—*operation of demurrer to admit facts only well pleaded.* Where an accident insurance policy was set out in the declaration *in haec verba*, and from such policy it appeared that only a portion of the amount claimed could be due under its terms, a demurrer will not admit the amount claimed as a fact, since it does not appear to be a fact on the whole record, apart from the rule that a demurrer does not admit the amount claimed in the declaration.