PITAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1917.)

No. 4705.

1. PUBLIC LANDS ⬳123—FRAUDULENT ENTRY—REMEDIES OF UNITED STATES
—ACTION FOR DAMAGES.

When the legal title to public land has been procured by fraud, the rights of the government are not exclusively statutory, but it has at least the same rights a private individual who has been fraudulently deprived of his property would have, and may maintain an action to recover the difference between the price received and the market value of the land.

2. PUBLIC LANDS ⬳123—FRAUDULENT ENTRY—ACTION BY UNITED STATES
FOR DAMAGES—LIMITATION.

Such an action is not within Act March 3, 1891, c. 561, § 8, 26 Stat. 1099, as amended by Act March 3, 1891, c. 559, 26 Stat. 1093 (Comp. St. 1916, § 5114), which requires suits to annul patents to be brought within five years from its passage, and limitation does not run against it.

3. PUBLIC LANDS ⬳123—FRAUDULENT ENTRY—ACTION BY UNITED STATES
FOR DAMAGES—MEASURE OF DAMAGES.

In such an action the United States, like a private individual, is entitled to recover its actual damages.

In Error to the District Court of the United States for the District of South Dakota; Jas. D. Elliott, Judge.

Action by the United States against Carl Pitan and Bertha E. Henry. Judgment (224 Fed. 604) for the United States and Paul Pitan, administrator of Carl Pitan, deceased, and others, bring error. Affirmed.

J. G. Bartine and C. W. Bartine, both of Oacoma, S. D., for plaintiffs in error.

Robert P. Stewart, U. S. Atty., of Deadwood, S. D., E. W. Fiske, Asst. U. S. Atty., of Sioux Falls, S. D., and George Philip, Asst. U. S. Atty., of Rapid City, S. D.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

SMITH, Circuit Judge. The United States brought this suit against Carl Pitan and Bertha E. Henry for the alleged value of certain land patented by the United States to Bertha E. Henry. Bertha E. Henry entered the land in question on May 10, 1902, as a homestead. She commuted her homestead entry July 13, 1903, and paid the sum of 50 cents per acre, or $80, and obtained the receiver's final receipt therefor. On the same date, July 13, 1903, Bertha E. Henry conveyed the land to Carl Pitan. On March 14, 1904, the government issued a patent on the land to said Bertha E. Henry and delivered it to Carl Pitan. Numerous facts are alleged in the complaint, showing that the entry was fraudulent, that the patent was procured through fraud and perjury, and that Carl Pitan was a party thereto. The complaint originally alleged the government's damages to be $1,600 and asked judgment therefor. Carl Pitan filed a demurrer that the complaint failed to state

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

facts sufficient to constitute a cause of action against him. This was overruled, and said defendant filed answer. The parties waived a jury by written stipulation, the case was tried to the court, and during the hearing the government amended its complaint, so as to only claim $800 in place of $1,600. At the outset of the trial the defendant Pitan objected to the introduction of any evidence under the complaint upon the ground, that it failed to state facts sufficient to show a cause of action. This objection was overruled, and Pitan excepted. Thereupon the parties stipulated in open court:

"That for the purposes of hearing and determining this action by the court at this time the facts pleaded in the complaint herein are admitted."

The court rendered judgment for the complainant for $800 and, Carl Pitan having departed this life, his administrator, Paul Pitan, and his heirs at law, were substituted for him, and sued out this writ of error.

[1] In United States v. Koleno, 141 C. C. A. 178, 226 Fed. 180, we held that an action such as this would lie at the suit of the government. It is now contended that such action is purely statutory, and arises under section 2 of the Act of March 2, 1896, as follows:

"Sec. 2. That if any person claiming to be a bona fide purchaser of any lands erroneously patented or certified shall present his claim to the Secretary of the Interior prior to the institution of a suit to cancel a patent or certification, and if it shall appear that he is a bona fide purchaser, the Secretary of the Interior shall request that suit be brought in such case against the patentee, or the corporation, company, person, or association of persons for whose benefit the certification was made, for the value of said land, which in no case shall be more than the minimum government price thereof, and the title of such claimant shall stand confirmed." 29 Stats. 42, 43, c. 39 (Comp. St. 1916, § 4902).

In the first place, the context of this quoted portion shows that the statute in question had reference wholly to land grants to railroads and wagon roads. In the second place, while it may be conceded that, while the land procured by fraud is "erroneously patented," it is much more. It is not only erroneously patented, but it is fraudulently procured to be patented. In speaking of patents obtained by fraud, Mr. Justice Miller, speaking for the Supreme Court, said in United States v. Minor, 114 U. S. 233, 241, 5 Sup. Ct. 836, 839 [29 L. Ed. 110]:

"When, therefore, he succeeds by misrepresentation, by fraudulent practices, aided by perjury, there would seem to be more reason why the United States, as the owner of land of which it has been defrauded by these means, should have remedy against that fraud—all the remedy which the courts can give— than in the case of a private owner of a few acres of land on whom a like fraud has been practiced."

And in the case of Southern Pacific Co. v. United States, 200 U. S. 341, 26 Sup. Ct. 296, 50 L. Ed. 507, the court said:

"When by mistake a tract of land is erroneously conveyed, so that the vendee has obtained a title which does not belong to him, and before the mistake is discovered the vendee conveys to a third party purchasing in good faith, the original owner is not limited to a suit to cancel the conveyances and re-establish in himself the title, but he may recover of his vendee the value of the land up to at least the sum received on the sale, and thus confirm

the title of the innocent purchaser. The conveyance to the innocent purchaser is equivalent to a conversion of personal property."

The claims of the government are stronger than the claims of a private individual. The government is not seeking to sell its lands for the highest price they will fairly bring. It is seeking to give homesteads to the people, and to do this with very little reference to whether it realizes the value of the lands or not. We therefore are forced to the conclusion that when a patent is not merely "erroneously" granted, but is obtained by fraud, the government has at least the same right a private individual would have who had been defrauded of his property, and that its rights are not exclusively statutory.

With reference to private parties it is held that the measure of damages suffered by one who is fraudulently induced to make a contract of sale is the difference between the actual value of that which he parts with and the actual value of that which he receives under the contract. Rockefeller v. Merritt, 22 C. C. A. 608, 76 Fed. 909, 35 L. R. A. 633. And there is nothing in the case of United States v. Norris, 137 C. C. A. 552, 222 Fed. 14, in conflict with this holding, but much to sustain it.

[2] It is next insisted that this case was barred by the statute of limitations. It is not claimed there is any statute which expressly bars the form of action here brought, but reliance is placed upon section 8 of an act to repeal timber culture laws and for other purposes (26 Stats. 1095, 1099, as amended by Act March 3, 1891, 26 Stats. 1093):

"Sec. 8. That suits by the United States to vacate and annul any patent heretofore issued shall only be brought within five years from the passage of this act, and suits to vacate and annul patents hereafter issued shall only be brought within six years after the date of the issuance of such patents."

It is then contended that patents after the statute of limitations expires become absolutely good, and the plaintiff in error cites United States v. Winona & St. Peter Railroad Co., 165 U. S. 463, 17 Sup. Ct. 368, 41 L. Ed. 789, and United States v. Chandler-Dunbar Co., 209 U. S. 447, 28 Sup. Ct. 579, 52 L. Ed. 881. But it is elementary that one who has been defrauded may elect to rescind, or he may elect to ratify the transaction and sue for his damages. If, therefore, the government at any time, either within or without the statute of limitations, elected to sue for damages, it must first in effect ratify the transaction, and the patent would become as valid by the government's election as it would by virtue of the statute of limitations. It is not disputed that ordinarily the statute of limitations does not run against the government. United States v. Knight, 14 Pet. 301, 315, 10 L. Ed. 465; United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; United States v. Koleno, 141 C. C. A. 178, 226 Fed. 180, 182.

The mere fact that the government permitted the patent to become valid by the statute of limitations in place of by its express ratification would not affect the question of the right to maintain an action for damages. It was not only so held by the court below in this case, but to the same effect in United States v. Jones (D. C.) 218 Fed. 973, and there is no decision to the contrary. This action was not barred by the statute of limitations.

[3] It is next contended that the government was in any event only entitled to recover a second time the $80 paid by Bertha E. Henry. As already stated, the government has never sought to obtain the actual value of lands from purchasers. In this very case it did not offer the land for sale at 50 cents an acre, but agreed that it would accept 50 cents an acre and the prior occupancy and improvement of the land by Bertha E. Henry. It is now claimed that the government could be cheated out of the prior occupancy and improvement, and be compelled to take some arbitrary sum, which it has fixed to receive in cash, as its full measure of damages. We have seen that the government is entitled to the same rights as a private individual when defrauded.

If this case rested upon the demurrer, we would be in doubt as to whether the demurrer admitted the amount of the damages. Thompson v. Haislip, 14 Ark. 220; Greer v. Newbill, 89 Ark. 509, 117 S. W. 531; Sprague v. New York, etc., R. Co., 68 Conn. 345, 36 Atl. 791, 37 L. R. A. 638; Havens v. Hartford, etc. R. Co., 28 Conn. 69; Chapin v. Curtis, 23 Conn. 388; Darrah v. The Lightfoot, 15 Mo. 187; Galewski v. Casualty Co., 191 Ill. App. 496. But, in addition to filing a demurrer, the defendant below expressly stipulated that for the purpose of hearing and determining this action by the court at this time the facts pleaded in the complaint herein are admitted. Under this admission the court was justified in rendering judgment for $800, the amount alleged to be the government's damages in the amended complaint.

No error is shown, and the judgment of the District Court is affirmed.