UNION COAL & COKE CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1917.)

No. 4844.

1. MINES AND MINERALS ⬤⟳11—COAL LAND ENTRIES—LIMITATIONS TO SINGLE ENTRY.

Under Rev. St. § 2350 (Comp. St. 1916, § 4662), relating to entry of coal lands, and which provides that "the three preceding sections shall be held to authorize only one entry by the same person or association of persons, and no association of persons any number of which shall have taken the benefit of such sections, either as an individual or as a member of any other association, shall enter or hold any other lands under the provisions thereof," a corporation which received the benefit of an entry made by an individual cannot make another entry, either itself or through another, although it did not acquire the maximum quantity allowed by the statute.

2. PUBLIC LANDS ⬤⟳123—LANDS ERRONEOUSLY PATENTED—SUIT TO RECOVER VALUE.

Act March 3, 1891, c. 559, § 1, 26 Stat. 1093, limiting the time for bringing suits for the cancellation of land patents, does not apply to a suit by the United States to recover the value of lands erroneously patented.

In Error to the District Court of the United States for the District of Colorado; Jacob Trieber, Judge.

Action by the United States against the Union Coal & Coke Company. Judgment for the United States, and defendant brings error. Affirmed.

W. W. Anderson, of Denver, Colo., for plaintiff in error.

Eugene B. Lacy, Asst. U. S. Atty., of Denver, Colo. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

CARLAND, Circuit Judge. This is an action by the United States to recover from the Coal Company the value of certain coal lands situated in Colorado, to which it is alleged the Coal Company fraudulently obtained title by conspiring with certain individuals to make coal land entries for its benefit, when it had already received the benefit of sections 2347–2351, R. S. U. S. (Comp. St. 1916, §§ 4659–4663), authorizing the disposal of public coal lands.

We agree with the trial court that the undisputed evidence showed that coal land entry No. 313, made February 3, 1903, in the name of William F. Oakes, for lots 1 and 2, section 19, township 29 S., range 65 W., containing 84.4 acres, for which patent issued June 26, 1903,

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was made by Oakes for the benefit of the Coal Company. We are also satisfied that the same is true as to the subsequent entry of Westlake. The squier entry becomes immaterial, as no recovery was had in regard to that. The other questions in the case are questions of law. The demurrers to the complaint were properly overruled. If the Coal Company desired the pleader to specify in what respect it was not qualified to enter, purchase, or hold coal lands, it should have made a motion to that effect, as a demurrer was not the proper remedy.

[1] The trial court ruled that, although the Coal Company was entitled under sections 2347 and 2348, R. S. U. S., to 320 acres of coal land, it could make but one coal land entry, and that if, in making this entry, it did not claim the amount of coal land to which it was entitled, nevertheless it could not make a subsequent coal land entry. We think this ruling was right in view of section 2350, R. S. U. S., which reads in part as follows:

"The three preceding sections shall be held to authorize only one entry by the same person or association of persons; and no association of persons any member of which shall have taken the benefit of such sections, either as an individual or as a member of any other association, shall enter or hold any other lands under the provisions thereof; and no member of any association which shall have taken the benefit of such sections shall enter or hold any other lands under their provisions."

It is not contended that Westlake could not enter coal lands for the Coal Company in the absence of evasion as to quantity (United States v. Colorado Anthracite Co., 225 U. S. 219, 32 Sup. Ct. 617, 56 L. Ed. 1063), but that the Coal Company, having received the benefit of the entry made by Oakes, could not make another entry either itself or by an agent. There is nothing in the case cited opposed to this view. The restriction to one entry found in section 2350, supra, must be given full effect. To decide that an individual or an association could make several coal land entries, provided the total amount of land filed upon did not exceed the maximum allowed by the statute, would be to read out of section 2350 the words "only one entry." United States v. Keitel, 211 U. S. 370-388, 29 Sup. Ct. 123, 53 L. Ed. 230.

[2] It is claimed by counsel for the Coal Company that this action is barred by Act March 2, 1896, c. 39, 29 Stat. 42 (Comp. St. 1916, §§ 4901–4903), limiting the time in which suit shall be brought to vacate and annul any patent to lands erroneously issued under a railroad or wagon road grant. As was decided by this court in Pitan v. United States, 241 Fed. 364, —— C. C. A. ——, and as appears from the act itself, the law refers to patents issued under a railroad or wagon road grant. Counsel cites us to a statement made by this court in United States v. Norris, 222 Fed. 19, 137 C. C. A. 552; but what this court there stated was made in reference to section 1 of the Act of March 3, 1891 (26 Stat. 1093, c. 559), limiting the time in which suits must be brought by the United States to vacate and annul any patent heretofore or thereafter issued. But neither of these acts by their very terms apply to suits like the one at bar. This court decided, in United States v. Koleno, 226 Fed. 180, 141 C. C. A. 178, that an action like the one we are considering would lie at the suit of the government. Southern Pacific R. R. Co. v. United States, 200 U. S. 341, 26 Sup. Ct. 296, 50

L. Ed. 507.  This court also decided in Pitan v. United States, supra, that:

"The mere fact that the government permitted the patent to become valid by the statute of limitations in place of by its express ratification would not affect the question of the right to maintain an action for damages. It was not only so held by the court below in this case, but to the same effect in United States v. Jones [D. C.] 218 Fed. 973, and there is no decision to the contrary."

Counsel for the Coal Company, for some reason not apparent, cites section 1047, R. S. U. S. (Comp. St. 1916, § 1712), which limits the time within which suits to recover penalties or forfeitures shall be sustained. This is not a suit for a forfeiture or to recover a penalty. Stone v. United States, 167 U. S. 178, 17 Sup. Ct. 778, 42 L. Ed. 127.

The judgment below is affirmed.