1828.

Haggarty
v.
Pittman.

[*298]

---

HAGGARTY AND OTHERS *v.* PITTMAN, STRONG AND BOVEE.

Where a debtor, in failing circumstances, assigns his property to a person who is insolvent, in trust for his creditors, a receiver will be appointed upon the application of such creditors to take charge of the property so assigned.[1]

THE defendants Strong and Bovee were indebted to the complainants and others on various notes, on which the defendant Pittman was the indorser. They also owed him $680, for money borrowed. In August, 1828, Strong and Bovee failed, and to secure Pittman, as their indorser and pay the money lent, they assigned to him a great number of demands against different individuals to a large amount. The complainants filed their bill in behalf of themselves and all others, standing in the same situation as creditors of Strong and Bovee, and having Pittman as security; alleging, among other things, that Pittman was insolvent, and praying an account and satisfaction of their respective debts out of the demands so assigned, and for an injunction and receiver. In opposition to the direction, an affidavit

Dec. 16th.

[1] *Connah* v. *Sedgwick*, 1 Barb. S. C. R. 210. The appointment of such an assignee is *prima facie* evidence of fraud. *Reed* v. *Emery*, 8 Paige, 417; *Browning* v. *Hart*, 6 Barb. S. C. R. 91; see also *Keys* v. *Brnsh*, 2 Paige, 311.

of Pittman was read, denying any intention to misapply the funds, and alleging that enough had not yet been collected to pay him the amount due for money borrowed.

*M. C. Patterson*, for the complainants, cited *Bank of Auburn* v. *Throop*, (18 John. 505 ;) *Monell* v. *Smith*, (5 Cowen, 441;) *Maule* v. *Harrison*, (1 Eq. Cases Ab. 93.)

*S. A. Foot*, contra, cited *Orphan Asylum Society* v. *McCarty and others*, (1 Hop. R. 429.)

[*299]      *THE CHANCELLOR :—The allegation in the bill, that Pittman is insolvent, is not denied in his affidavit. This court will never, for a moment, sanction the idea that debtors in failing circumstances shall be permitted to put their creditors in the power of an insolvent assignee, by a voluntary assignment of their property to him, although it is expressed to be for the payment of their debts, or for his indemnity against prior responsibilities. They may lawfully prefer one creditor to another, and indemnify their sureties in preference to either; but they have no equitable right to jeopardize the honest claims of any, by assigning their property to trustees who are irresponsible. And the proper course for this court in such cases is to appoint a receiver, on the application of the parties for whose benefit the fund is assigned. Where the assignment is to a surety for his indemnity, the creditor has an equitable claim upon the fund for the payment of his debt; and the surety has no right to divert it to any other object. *Bank of Auburn* v. *Throop*, 18 John. Rep. 505 ; *Maule* v. *Harrison*, 1 Eq. Ca. Abr. 93 ; 11 Ves. Jun. 22 ; 5 Bac. Abr. tit. *Obligation*, D. 4.)

In this case the assignee is personally responsible for the payment of the complainant's debts, and cannot, therefore claim to retain the demands assigned until they pay his private debt due from the assignor. A receiver must be appointed, with the usual powers, and a reference to a master is directed, to appoint a suitable person and to decide as to

the amount and competency of sureties to be given.  But
the defendant Pittman is not required to pay over the
money actually collected by him, under the assignment,
except so far as it exceeds the amount of his own debt.