BENJAMIN S. CLARK ET AL. ⎫
       vs.           ⎬   September Term, 1847.
CHARLES G. RIDGELY ET AL. ⎭

[RECEIVER.]

A RECEIVER, in strictness, should not be appointed before the coming in of the answers ; and, although this rule has been broken through, yet the grounds which will induce the court to disregard it, must be very strong and special.

A receiver will not be appointed unless it appears that such a measure is required to preserve the property from danger of loss.

When an application by bill or petition is made to the court to appoint a receiver, a sufficient foundation must be laid by stating the fact, which will authorize the interference of the court, in this form.

When a bill sets forth the complainants' title, and stated that a party had wrongfully taken possession of the property, but did not state that such party was insolvent or unable to account for the same, or that the rents and profits were in danger of being lost, the court refused to appoint a receiver.

[The bill in this case stated that Sater P. Walker, by deed of the 29th of October, 1830, conveyed a certain lot of ground in the city of Baltimore to John W. Osgood, (believed to be a non-resident,) in trust for Catharine Ann Walker, wife of the grantor, for her life, with remainder to the children of the grantor, in the deed named, equally, to receive the rents and profits to their separate use; and after their deaths, to the children of each respectively, in fee simple, and for the want of such children, to the right heirs of the grantor. The bill further stated, that the wife of the said Sater P. Walker died in the year eighteen hundred and forty-six, whereby the said children became entitled, under the deed, to receive the rents and profits of said property; that they were all married; that the grantor, notwithstanding the conveyance aforesaid, has taken possession of the property since the death of his wife, and appropriates the profits to his own use; and that it would be to the advantage of all parties to have the same sold, and the proceeds invested for their benefit. The bill then prayed for the appointment of a receiver to take charge of said property for the benefit of the parties entitled; and for a sale.

The case was referred to the Chancellor, before the answers of the defendants were filed, who said :]

THE CHANCELLOR:

The bill in this case prays for the appointment of a receiver, and the application is made to the court prior to the coming in of the answers, and also prior to the time when the defendants by the rules of the court can be considered as in default for not answering. In strictness, a receiver should not be appointed until after the answer, and although the rule has been broken through, that such an appointment will not, under any circumstances, be made before answer ; the grounds which will induce the court to disregard the old rule, must be very strong and special. It must appear, that the claimant has a title to the property, and the court must be satisfied by affidavit, that a receiver is necessary to preserve the property from loss. 2, *Daniels' Ch. Prac.*, 1974, *and note ; Bloodgood* vs. *Clark*, 4 *Paige*, 574.

Indeed it is believed, the authority and duty of the court to appoint or not appoint a receiver, depends upon the question whether the property is or is not in danger in the hands of the party who may at the time be in possession. As was said by the court in the case of the *Orphans Asylum Society* vs. *M'Carter et al. in* 1 *Hopkins*, 422, "a receiver is proper if the fund is in danger, and this principle reconciles the cases found in the books. There is no case in which the court appoints a receiver merely because the measure can do no harm."

In conformity with what seems to me the established rule upon this subject, that a receiver will not be appointed unless it appears that such a measure is required to preserve the property from danger of loss, the late Chancellor remarked in Hannah K. Chase's case, 1 *Bland*, 213, "but unless she [the complainant] has also shown that the rents and profits are in imminent danger, a receiver cannot be appointed." And in the case of *Lloyd* vs. *Passingham*, 16, *Vesey*, 59—70, Lord Eldon, speaking of the reluctance with which the court interferes by appointing a receiver, said, "the court must not only

be satisfied of the existence of the fraud, but it must be morally sure, that upon the hearing of the cause, the party would, upon the circumstances, be turned out of possession ; and not only that, but it must see some danger to the intermediate rents and profits."

It seems to me, therefore, indispensably necessary, that when an application is addressed to the court to appoint a receiver, either by the bill, or by petition subsequently filed, that a sufficient foundation must be laid, by stating the facts which will authorize the interference of the court in this form. *Tomlinson* vs. *Ward*, 2 *Cown*, 396.

The bill in this case, after stating the title of the complainants, and showing their interest in the property, which it may be conceded would be sufficient to authorize the appointment of a receiver, if the property were alleged to be in danger, proceeds to set forth the grounds upon which the application rests, which are, that after the death of Catharine Ann Walker, the tenant for life, the said Sater P. Walker wrongfully took possession of the said property, and ever since has appropriated the rents and profits thereof to his own private purposes, and has always refused, though urgently requested so to do, to pay over the rents according to the express intention of the said deed of trust, so that the chief and only object of said deed is entirely defeated and annulled. But the bill does not state that Walker, the party alleged to be in the wrongful possession of the property and in the enjoyments of the rents and profits, is insolvent, or unable to account for the same, or that without the appointment of a receiver, these rents and profits are in danger of being lost to those who may ultimately appear to be entitled to them ; and the absence of any such averment, in my opinion, is, upon the principles which govern this court in applications like the present, fatal to the success of the application, which consequently cannot be allowed.

[No appeal was taken from this order.]