## Case No. 5,905.

### HAINES et al. v. CARPENTER.

[1 Woods, 262.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1872.[2]

EXECUTOR—DISPLACEMENT—VERIFICATION OF BILL IN EQUITY—KNOWLEDGE AND BELIEF — MULTIFARIOUSNESS—CONCURRENT JURISDICTION —BILL TO ESTABLISH VALIDITY OF A BEQUEST.

1. Where an executor has qualified and given bond for the faithful discharge of his trust, and taken possession of the property of the estate by virtue of the provisions of the will, a strong case must be made against him to induce the court to appoint a receiver to take the possession of the property from him.

2. The application for a receiver must be supported by evidence showing that the appointment is necessary.

3. The verification by complainant of a bill stating upon information and belief, grounds for the appointment of a receiver, is not of itself such evidence as would justify the appointment by the court.

4. In an application to discharge a trustee, and for the appointment of a receiver for the trust estate, it must be made to appear that the property is in danger and that the trustee is irresponsible.

5. A bill which united a controversy raised by the heirs of testatrix touching the validity of the bequests in the will, with the claims of the heirs of the husband of testatrix to the property bequeathed by the will, and with the suit of a creditor seeking judgment against the succession, and with a demand for an account to be rendered by the executor, was *held* to be multifarious.

6. Courts of equity will not allow a multifarious bill as a remedy for a multiplicity of suits.

7. Where two courts have concurrent jurisdiction, the one which first obtains actual jurisdiction of the parties and subject matter is entitled to proceed to final adjudication, and neither party can be forced into another forum, except as provided by the acts of congress for the removal of causes from the state to the federal courts.

[Cited in Pulliam v. Pulliam, 10 Fed. 29; Latham v. Chafee, 7 Fed. 524.]

[See note at end of case.]

8. The effect of the case of Payne v. Hook, 7 Wall. [74 U. S.] 425, considered.

9. Where the purpose of a bill is not to obtain possession of a particular thing bequeathed, but to establish the validity of the bequest, a demand for the particular legacy is not a necessary preliminary to the suit, under article 1626 of the Code of Louisiana.

In equity. This cause was submitted upon a motion by complainant for the appointment of a receiver, and at the same time upon the demurrer of defendants to the bill.

Harris & Harris, E. C. Billings, and A. de B. Hughes, for complainant.

Given Campbell and E. T. Merrick, for defendants.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 91 U. S. 254.]

WOODS, Circuit Judge. The bill alleges in substance that complainants are trustees of the Vicksburg Baptist Church of Vicksburg, in the state of Mississippi, a body corporate under the laws of that state; that Celia A. Graves, late of Madison parish in the state of Louisiana, by her last will and testament, dated January 27, 1872, bequeathed to the said church a certain plantation known as "Willow Glen," situate in said parish of Madison, and of the value of about $24,000; that by said will Charles Carpenter was constituted universal legatee and given seizure of testatrix's estate and nominated and appointed executor; that Celia A. Graves departed this life in February, 1872, and her succession was opened in said parish, her last will and testament duly proven and admitted to record, and Carpenter qualified as executor, and that the estate and property of testatrix, including the said plantation, are in the hands of Carpenter as executor; that complainants are informed and believe that said Carpenter is wholly unfit and incompetent to manage and control the estate in such a way as will best secure the benefit and advantage of the succession; that it was his duty as executor to take immediate personal control and supervision of all the affairs of the succession, yet he has depended upon others to manage and direct its affairs, from which facts it is charged that the succession is liable, in the hands of the executor, to go to waste and be greatly damaged and decreased in value; that the executor is endeavoring to defeat the bequest made to said Baptist Church, by depreciating the value of the estate, and by confederating with one Elias S. Dennis, to institute fictitious suits against himself as executor, in order to sweep away the assets of the estate and to consume the succession in the payment of the judgments thus obtained; that Dennis, with the knowledge and consent of the executor, has instituted a suit in the district court for the parish of Madison, in Louisiana, against the executor, by which he seeks to recover a large amount claimed to be due him as partner of the testatrix. Complainants charge that they will be able to prove, as they are informed and believe, that Dennis was not the partner but merely the agent of testatrix, and that he is not entitled to recover in his suit, and that a fraudulent design exists between the executor and Dennis in reference to said suit; that Mary Stout and others, representing themselves to be the only heirs at law of testatrix, have instituted a suit in the parish court for the parish of Madison, in which they claim that the bequest to the church and all other bequests in the bill, except the one to John A. Klein, were null and void, charging illegal and fraudulent conduct on the part of the executor and Dennis, and praying that said bequests be declared null and void and petitioners put in possession of the succession, and that complainants in their corporate capacity had appeared and filed

an answer in said cause; that Richard H. Graves and others, claiming to be the only heirs at law of George W. Graves, who was the husband of testatrix, have filed their petition in the district court for the parish of Madison, in which they claim all the estate which belonged to said George W. Graves at his decease, and that the property bequeathed by testatrix was in fact the property of George W. Graves, and that the will of testatrix was null and void, and conveyed no right or title to any property to the legatees therein named, and praying that said will be declared null and void, and petitioners placed in possession of said property.

The bill further alleges that said will is in all respects legal and valid; that it contains nothing in conflict with either the laws of Mississippi or Louisiana. The bill makes Carpenter, in his capacity as executor, Dennis, the legatees under the will, and the heirs at law of both Celia A. Graves and George W. Graves, defendants, and prays that Carpenter may be required to file in this court his accounts as executor, and to pay into court all amounts received by him and now remaining in his hands; that a master may be appointed, to whom all claims against the succession of Celia A. Graves may be referred, and to whom all creditors may be required to make proof thereof, and that claims not presented to him shall be barred; and that the master shall report to this court; that a receiver may be appointed, who shall take immediate possession of all property, real and personal, belonging to said succession, wheresoever the same may be found; that payment may be made of all claims which this court shall find to be just and valid claims against said succession, and all others rejected; that a decree may be entered by this court, declaring the validity of said will, and after the payment of all just debts of said succession, ordering the receiver to place complainants in full possession of the property bequeathed to the Baptist Church, as well also as the payment of all the legacies named in the will, and direct, by said decree, the full and final administration of the succession; and that the possession of the property of the succession may be taken from Carpenter, the executor. The bill also prays for an injunction to restrain defendants or any of them from prosecuting any suit affecting said succession or the interests of said church in said succession, and especially from further prosecuting the said suits in the state courts of Louisiana above mentioned. The bill is demurred to on several grounds: 1. Because it is multifarious. 2. Because the bill shows that the state courts of Louisiana were seized of jurisdiction of the question of the validity of said will, and that the property in question was in the custody of the state courts, and in the process of administration by them.

The first question to be considered is: Ought the court, upon the case made, to appoint a receiver? The party in possession of the property for which a receiver is asked is the executor named in the will of the testatrix, who has qualified in the probate court and given bond for the faithful discharge of his trust. Under these circumstances the court should not displace him upon light grounds. Beverley v. Brooke, 4 Grat. 208. And though a suit be instituted by a party having an interest in the estate, it does not follow that the trust created by the testator is to be set aside. A strong case must be made out to induce the court to dispossess a trustee or executor who is willing to act. Kerr, Rec. 19; Smith v. Smith, 2 Younge & C. Ex. 361; Bainbridge v. Blair, 4 Law J. Ch. 207. The grounds upon which this court is asked to dispossess the executor and turn over the property of the succession to a trustee are, that Carpenter, the executor, is unfit and incompetent to manage and successfully control the estate; that he has only cultivated a part of the land susceptible of cultivation, when, in the opinion of the complainants, all of it should have been cultivated; that he is endeavoring to defeat the bequest to the said Baptist Church, by depreciating the value of the estate, and that he is confederating with said Elias S. Dennis to institute fictitious suits against the estate in order to sweep away its assets. These charges are not directly made, but are stated on the information and belief of complainants, and they are not supported by a single affidavit to any fact. The application to appoint a receiver must be supported by evidence showing that the appointment is necessary. Middleton v. Dodswell, 13 Ves. 266.

There is absolutely no testimony to support the application in this case. It is true that one of the complainants swears to the bill, but in doing so he only swears that he has been informed of and believes certain statements in his bill. This is not evidence, and gives no support to the application. The fact is that the court is asked to appoint a receiver in this case on mere rumor, without any proof showing the necessity of the appointment. But even if the fact were established that the trust property was in danger, that of itself would not be sufficient. It must be further shown that the party in possession is irresponsible. Willis v. Corlies, 2 Edw. Ch. 281; Clark v. Ridgely, 1 Md. Ch. 70; Blondheim v. Moore, 11 Md. 365; Burt v. Burt, 41 N. Y. 46; Haggerty v. Pittman, 1 Paige, 298. There is no proof that the executor is irresponsible, or his bond insufficient, nor is there any averment in the bill to that effect. The motion for a receiver must therefore be overruled.

Let us next consider the grounds of demurrer to the bill. Several of these grounds appear to be well taken. The most obvious objection to the bill is that it is multifarious. "By multifariousness is meant the improperly joining in one bill, distinct and

independent matters and thereby confounding them; as, for example, by uniting in one bill several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent matter against several defendants in the same bill." 1 Coop. Eq. Pl. 182; Saxton v. Davis, 18 Ves. 72. In this bill the controversy raised by the heirs at law of the testatrix, touching the validity of the bequests of the will, is united with the claim of the heirs of George W. Graves, the husband of testatrix, to the property disposed of by the will; they claiming that the property descended to them, and did not belong to the testatrix, and could not therefore pass by her will, and with the suit of Elias W. Dennis, a creditor of the succession, whereby he seeks to recover judgment against the estate, and with a demand for an account to be rendered by the executor. I do not think the adjudged cases furnish a better illustration of a multifarious bill. A bill by a creditor sought an account against an executor and trustee of the testator's estate, and also to set aside a sale made by the executor and trustee to a purchaser who was made a party to the bill; it was held demurrable for multifariousness, for the purchaser had nothing to do with the general settlement of the accounts of the estate, and ought not to be involved in any litigation respecting it. Salvidge v. Hyde, Jac. 151. So when devisees and legatees brought a bill against the trustees and executors under the will and against a mortgagee of part of the estates, alleging collusion between the trustees and executors and the mortgagee, and that they refused to compel the mortgagee to account for the rents and profits, or to redeem the mortgage, and the bill prayed for an account of the testator's effects, and that the mortgage might be redeemed; the bill was held on demurrer by the mortgagee to be multifarious, for the mortgagee had nothing to do with the general settlement of the accounts of the estate. Pearse v. Hewitt, 7 Sim. 471. The cases where unconnected parties are allowed to be joined in a suit are where there is one common interest among them all, centering in the point in issue in the cause. Ward v. Duke of Northumberland, 2 Anstr. 469.

Now in the case under consideration, the heirs of George W. Graves have no interest in the controversy between the heirs of the testatrix and her executor, and the devisees under the will, for they claim as heirs of the husband of the testatrix, and their claim would not be affected, no matter how that controversy might end; neither are they interested in the accounts of the executor, as such, nor in the controversy between Dennis and the executor. Neither is Dennis a creditor interested in the issue between the devisees and the heirs of the testatrix nor in the general accounts of the executor, nor in the claim of the heirs of George W. Graves to

the property of the testatrix. In this bill a creditor is called on to litigate his claim against the estate, in connection with a controversy about the validity of certain bequests in the will, and a trial of the right of property between the executor and the heirs of a third party. Is not this "the uniting of several matters of a distinct and independent nature against several defendants in the same bill?" In my judgment, therefore, the bill is multifarious. It is further alleged, as ground of demurrer to the bill, that the bill itself shows that the state courts of Louisiana were seized of jurisdiction of the question of the validity of said will, and that the property in question was in the custody of said state courts and in process of administration by them before the filing of this bill. When two courts have concurrent jurisdiction, the one which first obtains possession of the subject must adjudicate, and neither party can be forced into another jurisdiction. Smith v. McIver, 9 Wheat. [22 U. S.] 532; Shelby v. Bacon, 10 How. [51 U. S.] 56; Taylor v. Carrol, 20 How. [61 U. S.] 583; Peale v. Phipps, 14 How. [55 U. S.] 368; Mallet v. Dexter [Case No. 8,988]. The jurisdiction of the probate court of the parish of Madison, to pass upon the validity of the bequests in the will of Celia A. Graves, is unquestioned. That court, before the filing of this bill, had entertained a cause in which the validity of said bequests was litigated, and the complainants in this case had entered their appearance therein, and filed their answer. What right has this court to interfere, and draw that controversy to itself, or forbid the parties from litigating the question in the forum of their choice, which has ample jurisdiction to adjudicate it? No reason is given in the bill why this court should so interfere. No collusion is alleged between the executors and the heirs of Celia A. Graves. True, it is averred that from local prejudice complainants cannot get justice in the Madison parish court. That might prove a ground for the removal of the cause in the parish court to this court, if the subject matter of the controversy was such that this court would have jurisdiction, but it is no reason for enjoining the proceedings in the parish court by a new and original suit commenced in this. The property of the succession of Celia A. Graves is in gremio legis; the jurisdiction of the parish court has attached to the assets; they are in the hands of a trustee, who is required to account only to the court which appointed him, and this court has no power to take the assets from the possession of that trustee and compel him to account here.

The case of Payne v. Hook, 7 Wall. [74 U. S.] 425, is much relied on to sustain the jurisdiction of this court to grant the relief prayed by this bill. But the purpose of the bill in that case was only to recover the share of a distributee against the estate, and to compel an account to show what that

share was. It does not appear that the bill in this case sought to remove the administrator appointed by the state court, and to take the assets from his hands and place them in the hands of a receiver who should be charged with the duty of being administrator; in short, to transfer the administration thereof to the federal courts. No case can be found where a court of the United States has assumed to go the length required by this bill. In the case of Peale v. Phipps, 14 How. [55 U. S.] 376, the court in speaking of the case of Erwin v. Lowry, 7 How. [48 U. S.] 172, say of the proceedings of the United States court in that case, that "they were made to enforce a lien created by the testator in his lifetime, and consequently could not interfere with the duties of the curator or the authority of the state court under which he was acting, and to which he was bound to account." The spirit of this remark applies to the case of Payne v. Hook [supra], and I am of opinion that that case is not an authority to sustain this bill.

In the argument of the demurrer the prevention of a multiplicity of suits was stated to be one of the grounds of equity in the bill. But courts of equity do not allow a multifarious bill as a remedy for the multiplicity of suits. The objection to the bill that complainants have never demanded their legacy and their right has never been recognized by executor does not appear to be well taken. Article 1626 of the Code of 1870 declares that "every legacy under a particular title gives to the legatee from the day of the testator's death a right to the thing bequeathed, which right may be transmitted to his heirs or assigns. Nevertheless the particular legatee can take possession of the thing bequeathed, or claim the proceeds or interest thereof only from the day the demand of delivery was formed," etc. The purpose of this bill being not to obtain possession of the thing bequeathed, but to establish the validity of the request, it does not appear that a demand made is a necessary preliminary to the suit. The bill is demurrable for multifariousness and for want of jurisdiction in this court to grant the relief prayed, and on these grounds the demurrer is sustained.

[NOTE. On appeal to the supreme court the judgment was affirmed, in an opinion by Mr. Justice Bradley, who said that a mere statement of the bill was sufficient to show that it could not be sustained. The main object of the bill is to stop litigation in the state courts, and to bring the questions involved before the circuit court. This is one of the things which the federal courts cannot do, as the act of March 2, 1793, declares that a writ of injunction shall not be granted to stay proceedings in a state court, and this extends to all cases, except where otherwise provided by the bankrupt law. 91 U. S. 254.]