## MILLER v. VAN SCHAICK, Superintendent of Insurance, et al.

District Court, S. D. New York.
April 16, 1934.

634

Louis F. Reed, of New York City (Charles A. Boston and Edward C. Bailly, both of New York City, of counsel), for plaintiff.

Cabell, Ignatius & Lown, of New York City (Hartwell Cabell, Milton B. Ignatius, and M. H. Blinken, all of New York City, of counsel), for defendant George S. Van Schaick.

Hartwell Cabell, Milton B. Ignatius, and L. A. Stone, all of New York City, for defendant National Surety Corporation.

Milton B. Ignatius, of New York City, for defendants Edwin G. Davis and Aaron Rabinowitz, ancillary receivers of Greyling Realty Corporation.

Kaye, McDavitt & Scholer, of New York City (Jacob Scholer, of New York City, of counsel), for defendant Manufacturers' Trust Co.

C. S. Dikeman, of New York City, for defendant National Realty Management Co.

McNamara & Seymour, of New York City (Raymond B. Seymour, of New York City, of counsel), for defendant Empire Trust Co.

Wise, Shepard & Houghton, of New York City (Walter W. Malone, of New York City, of counsel), for defendant Continental Bank & Trust Co.

Cook, Nathan & Lehman, of New York City (Arthur J. Kramer and Mortimer Brenner, both of New York City, of counsel), for defendant Marine Midland Trust Co.

Hays, Wolf, Kaufman & Schwabacher, of New York City (Ralph Wolf and Wolfgang Schwabacher, both of New York City, of counsel), for the Reorganization Committee in charge of the Reorganization of the Mortgage Securities guaranteed by National Surety Co., amici curiæ.

Charles A. Roberts, of New York City, for Reorganization Finance Corporation, amicus curiæ.

Charles L. Woody, of New York City, for Investment Securities Co. of Texas, amicus curiæ.

WOOLSEY, District Judge.

The plaintiff's motion for the appointment of a receiver pendente lite is in all respects denied.

The motion in behalf of George S. Van Schaick, superintendent of insurance of the state of New York, to dismiss the bill of complaint on the ground that the plaintiff has no locus standi in equity under the circumstances shown is granted.

The motion in behalf of the National Surety Company to dismiss the bill of complaint on the ground that the plaintiff has no locus standi in equity under the circumstances shown is granted.

The motion in behalf of the National Surety Corporation to dismiss the bill of complaint on the ground that the plaintiff has no locus standi in equity under the circumstances shown is granted.

The motion in behalf of the receivers of the Greyling Realty Corporation to dismiss the bill of complaint on the ground that no leave has been given to bring suit against them or the Greyling Realty Corporation is granted.

I. This bill of complaint includes in its box the names of fifty defendants, if I have correctly counted them. Of those fifty defendants, this court, on the plaintiff's own showing, secured personal jurisdiction of the following named only: George S. Van Schaick, National Surety Company, National Surety Corporation, National Realty Management Company, Greyling Realty Corporation, Manufacturers' Trust Company, Continental Bank & Trust Company, Marine Midland Trust Company, and Empire Trust Company.

Consequently, the caption is most misleading, and the first step in this proceeding must be, in the way of housekeeping, to instruct the clerk of this court, and he hereby is instructed, that the caption in this case be changed so that the caption will read as at the head of this opinion, and this court will not be troubled with a long list of defendants over whom it has not personal jurisdiction, and, unless they voluntarily appear, probably cannot get such jurisdiction.

■ II. In regard to their relationship with the plaintiff the defendants fall into two categories:

Vis-à-vis the National Surety Company and, consequently, its assets—whether presently in the hands of the superintendent of insurance of the state of New York or in the hands of the National Surety Corporation or elsewhere—the plaintiff is a simple contract creditor of the National Surety Company, for that company was a mere guarantor of bonds, secured by real estate mortgages, which the plaintiff claims to own.

Vis-à-vis the several trust companies holding mortgages under trust indentures he conceivably might have a locus standi in a proper case because he is claiming, so far as I can understand the bill of complaint, that the several trust company defendants who are now before me have been guilty of breaches of their several trusts, which might, under certain circumstances, enable him to claim that they had become trustees ex maleficio in breach of their indenture obligations and thus enable the plaintiff to proceed directly against them in his own behalf, in disregard of the provisions of the trust indentures because he would not be purporting to act under said indentures.

III. As a simple contract creditor of the National Surety Company, the plaintiff has not any locus standi to maintain a creditor's bill against the National Surety Company and secure a receiver of its assets.

This was definitely settled by the decision of the Supreme Court in Pusey & Jones Company v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763, where the question was whether, on the application of an unsecured simple contract creditor, a federal court, sitting in equity, had jurisdiction to appoint a receiver owing to the provisions of a Delaware statute. The federal court below had appointed a receiver without the corporation's consent. The order of appointment was reversed, and, in dealing with the general principle as to the appointment of a receiver in equity, Mr. Justice Brandeis said, Id., 261 U. S. at page 497, 43 S. Ct. 454, 455, 67 L. Ed. 763: "A receiver is often appointed upon application of a secured creditor who fears that his security will be wasted. Kountze v. Omaha Hotel Co., 107 U. S. 378, 395, 2 S. Ct. 911, 27 L. Ed. 609. A receiver is often appointed upon application of a judgment creditor who has exhausted his legal remedy. See White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 40 L. Ed. 67. But an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor. This is true, whatever the nature of the property, and although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course. His adjective right is, ordinarily, at law. He has no right whatsoever in equity until he has exhausted his legal remedy. After execution upon a judgment recovered at law has been returned unsatisfied, he may proceed in equity by a creditors' bill. Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113. Compare Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 S. Ct. 691, 37 L. Ed. 577; National Tube Works Co. v. Ballou, 146 U. S. 517, 13 S. Ct. 165, 36 L. Ed. 1070; Pierce v. United States, 255 U. S. 398, 403, 41 S. Ct. 365, 65 L. Ed. 697. He may, by such a bill, remove any obstacle to satisfy his execution at law, or may reach assets equitable in their nature, or he may provisionally protect his debtor's property from misappropriation or waste, by means either of an injunction or a receiver. Whether the debtor be an individual or a corporation, the appointment of a receiver is merely an ancillary and incidental remedy. A receivership is not final relief. The appointment determines no substantive right. * * * It is a means of preserving property which may ultimately be applied toward the satisfaction of substantive rights."

After pointing out that a remedial right to proceed in a federal court, sitting in equity, cannot be enlarged or diminished by a state statute and distinguishing bankruptcy cases from equity cases, Mr. Justice Brandeis said, at pages 500, 501 of 261 U. S., 43 S. Ct. 454, 457: "The case at bar is also unlike In re Metropolitan Railway Receivership, 208 U. S. 90, 109, 110, 28 S. Ct. 219, 52 L. Ed. 403, and many others, in which there was express consent by the corporation to the appointment of the receiver, or where the indebtedness to plaintiff and the corporation's insolvency were admitted, or the lack of jurisdiction in equity was waived. The objection that the bill does not make a case properly cognizable in a court of equity does not go to its jurisdiction as a federal court. Smith v. McKay, 161 U. S. 355, 16 S. Ct. 490, 40 L. Ed. 731; Blythe v. Hinckley, 173 U. S. 501, 19 S. Ct. 497, 43 L. Ed. 783. The objection may, as pointed out in Reynes v. Dumont, 130 U. S. 354, 395, 9 S. Ct. 486, 32 L. Ed. 934, be taken by the court of its own motion. But, unlike lack of jurisdic-

tion as a federal court, Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U. S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462, lack of equity jurisdiction (if not objected to by a defendant) may be ignored by the court, in cases where the subject-matter of the suit is of a class of which a court of equity has jurisdiction. And where the defendant has expressly consented to action by the court, or has failed to object seasonably, the objection will· be treated as waived. Brown, Bonnell & Co. v. Lake Superior Iron Co., 134 U. S. 530, 535, 536, 10 S. Ct. 604, 33 L. Ed. 1021; Southern Pacific R. R. Co. v. United States (No. 1), 200 U. S. 341, 349, 26 S. Ct. 296, 50 L. Ed. 507. In cases relied upon by respondent there was such waiver. But, here, the company strenuously insisted throughout upon the absence of jurisdiction and denied every material allegation on which it is sought to support the bill."

The relation between the plaintiff and the National Surety Company is based on a guaranty given by the National Surety Company of the payment of the principal and interest of certain mortgages which were held under trust indentures by various trust companies mentioned in the complaint. The National Surety Company never had, and has not now, possession of these mortgages, and, consequently, as the persons presently in possession of its former assets, far from consenting to the appointment of any receiver by this court, object strongly to such an appointment, I do not think that there is any possible theory on which the plaintiff could be considered to have any locus standi as against the assets of the National Surety Company wherever they may now be, or to the appointment of a receiver of those assets. Such an appointment could not be worked out on any theory other than that a simple contract creditor is entitled to come into equity and ask for the appointment of a receiver non obstante on objection by the defendants against whom he brings his bill.

Thus I do not find it necessary to consider the perhaps somewhat controversial question as to the precise juridical status, as a receiver, of the superintendent of insurance of the state of New York.

But I might make the observation in this connection that, if there ever was a controversy involving a reorganization of a complicated situation which cried out for unitary control, it certainly is this situation, and the idea of appointing a receiver in equity, which would necessarily be followed by other equity receiverships, under what are often incorrectly described as ancillary bills, shocks common sense, for it would be to disintegrate a situation which I am satisfied, on the papers before me, is now being dealt with, so far as I am able to judge, honestly, diligently, and wisely.

If it were not for the proceedings here before me, I should suppose that it would be needless to add that, if the plaintiff has any complaint as to any matter involved in the rehabilitation, the Supreme Court of the state of New York is open to him, and he can proceed there in the rehabilitation proceedings, except in so far as his situation may be subject to a possible plea of res adjudicata under the decision of the New York Court of Appeals handed down ˙on March 20, 1934, 191 N. E. 521, affirming In the Matter of National Surety Company, 239 App. Div. 490, 268 N. Y. S. 88.

IV. A receivership is perhaps the most drastic interlocutory remedy which a court of equity has power to grant, and this power should be sparingly exercised. The granting of a receivership is purely discretionary, and it should not be granted over the opposition of a defendant except in the clearest possible case, and here the plaintiff's case for such relief certainly falls far short of that requirement.

As I have elsewhere had occasion to say, the reports known as Federal Cases are a gold mine of valuable precedent and information for the diligent. In the case of Haines et al. v. Carpenter, 1 Woods, 262, 11 Fed. Cas. 168, No. 5,905, cited in the brief filed on behalf of the Reorganization Committee, I find a case which is structurally sufficiently analogous to the present cause, in so far as the trust companies are concerned, to indicate the technique of approach to the decision thereof.

In the case just referred to, Mr. Justice Woods of the Supreme Court, then a Circuit Judge, said in 11 Fed. Cas. 168, at page 169:

"The first question to be considered is: Ought the court, upon the case made, to appoint a receiver? The party in possession of the property for which a receiver is asked is the executor named in the will of the testatrix, who has qualified in the probate court and given bond for the faithful discharge of his trust. Under these circumstances the court should not displace him upon light grounds. Beverley v. Brooke, 4 Grat. [45 Va.] 208. And though a suit be instituted by a party having an interest in the estate, it does not follow that the trust created by the testator is to be set aside. A strong case

must be made out to induce the court to dispossess a trustee or executor who is willing to act. Kerr, Rec. 19; Smith v. Smith, 2 Younge & C. Ex. 361; Bainbridge v. Blair, 4 Law J. Ch. 207. The grounds upon which this court is asked to dispossess the executor and turn over the property of the succession to a trustee are, that Carpenter, the executor, is unfit and incompetent to manage and successfully control the estate; that he has only cultivated a part of the land susceptible of cultivation, when, in the opinion of the complainants, all of it should have been cultivated; that he is endeavoring to defeat the bequest to the said Baptist Church, by depreciating the value of the estate, and that he is confederating with said Elias S. Dennis to institute fictitious suits against the estate in order to sweep away its assets. These charges are not directly made, but are stated on the information and belief of complainants, and they are not supported by a single affidavit to any fact. The application to appoint a receiver must be supported by evidence showing that the appointment is necessary. Middleton v. Dodswell, 13 Ves. 266.

"There is absolutely no testimony to support the application in this case. It is true that one of the complainants swears to the bill, but in doing so he only swears that he has been informed of and believes certain statements in his bill. This is not evidence, and gives no support to the application. The fact is that the court is asked to appoint a receiver in this case on mere rumor, without any proof showing the necessity of the appointment. But even if the fact were established that the trust property was in danger, that of itself would not be sufficient. It must be further shown that the party in possession is irresponsible. Willis v. Corlies, 2 Edw. Ch. [N. Y.] 281; Clark v. Ridgely, 1 Md. Ch. 70; Blondheim v. Moore, 11 Md. 365; Burt v. Burt, 41 N. Y. 46; Haggarty v. Pittman, 1 Paige [N. Y.] 298 [19 Am. Dec. 434]. There is no proof that the executor is irresponsible, or his bond insufficient, nor is there any averment in the bill to that effect. The motion for a receiver must therefore be overruled."

In the present case, the plaintiff and other persons who state that they will be willing to intervene in this case on the plaintiff's side, and claim to be owners of bonds similar to his, have, in their affidavits, given a list of the bonds which they own and the trust indentures under which the said bonds were issued.

The trust companies who are defendants before me herein, not only deny categorically any breaches of the indentures of trust under which they hold any of the mortgages which were guaranteed by the National Surety Company, but also deny that they are concerned in any way with any trust indentures by which the bonds listed by the plaintiff as owned by him are secured.

The Empire Trust Company, the Continental Bank & Trust Company, the Marine Midland Trust Company, deny that they are trustees of any indentures under which any of the bonds listed by the plaintiff's affiants are secured.

Of the bonds claimed to be owned by the Sun Life Insurance Company of America and not by the plaintiff, the Manufacturers' Trust Company admits that there are $30,000 principal face amount of bonds issued by the Mortgage Guarantee Company under an indenture on which it is trustee, and $5,000 principal face amount of the bonds of the Meline Mortgage Company issued under an indenture on which it is trustee. The Sun Life Insurance Company of America is not now a party to the present cause.

It is perfectly obvious that, in the face of the affidavits for the defendant trust companies which are all made by persons who have knowledge of the facts and are not made merely on information and belief as is the complaint, it would be a gross abuse of discretion for me to appoint a receiver and displace trustees against whom no wrongdoing has been made out even by a preponderance of affidavit proof, and, on the face of the papers before me, have not any relationship either in law, equity, or morals with the plaintiff so far as the matters involved here are concerned.

It must also be remembered that I am discussing this matter from a point of view most favorable to the plaintiff in so far as his locus standi to maintain this suit as against the trust companies is concerned. For each bond incorporates by reference the indenture under which it was issued, and each indenture prescribes an elaborate procedure to be followed before action, independent of the trustee, may be taken by the bondholders. That prescribed procedure has not been followed by the plaintiff here, and, consequently, he would not be able individually to maintain any locus standi if he were proceeding under the indentures.

But I am assuming without deciding, for there are high authorities to the contrary, cf. Home Mortgage Co. v. Ramsey, 49 F.(2d) 738, 743 (C. C. A. 4), that, if the plaintiff's claim against the trust companies is that they

are fiduciaries who by their acts have become trustees ex maleficio, he may possibly be able to proceed directly against them on the theory that he is not proceeding under the indentures, but, as it might perhaps be expressed, for alleged equitable wrongs springing out of the relation between them and the plaintiff created by the indentures.

V. As for the claim against the Greyling Realty Corporation, this court has already appointed receivers of that corporation, and the plaintiff is in contempt of this court for having, by commencing this suit against it, violated the injunction outstanding in the receivership order under which they were appointed. He claims ignorance of the injunction, and I am giving him the benefit of the doubt in holding him in technical contempt only. But he must be punished for that contempt, and the punishment therefor, which I hereby fix, is a dismissal of the complaint as against the Greyling Realty Corporation.

VI. Each decree of dismissal herein granted may carry costs of the defendant in whose favor it runs.

I understand that I cannot, and so I do not, grant costs against the plaintiff on its motion for the appointment of receivers. I wish it were otherwise, and that the salutary English rule prevailed in this country whereby counsel fees and disbursements may be taxed against a losing party, for certainly this is a case in which such full costs should be allowed to the defendants.

Settle order on notice.