## UNITED STATES v. AUDITORIUM CONDITIONING CORPORATION et al.

District Court, S. D. New York.

Nov. 22, 1943.

Lawrence S. Apsey, Sp. Asst. to the Atty. Gen., and Harold Lasser, of Newark, N. J., and John S. James and Mervin C. Pollak, both of New York City, Sp. Attys., for plaintiff.

Robert B. Knowles and S. L. Chess, both of New York City, for defendants Ross Industries Corporation and others.

Putney, Twombly & Hall, of New York City, for defendants Carrier Corporation and E. Cloud Wampler.

Reynolds, Richards & McCutcheon, of New York City, for defendants York Ice Machinery Corporation and Stewart E. Lauer.

Sullivan & Cromwell, of New York City, for defendants American Blower Corporation and Clark T. Moore.

Harold L. Herzstein, of New York City, for defendants Auditorium Conditioning Corporation and Benjamin R. Newcomb.

CONGER, District Judge.

Motion by the plaintiff for the appointment of a receiver pendente lite to take possession of, manage and control all of the property and assets of the defendant Auditorium Conditioning Corporation (hereinafter referred to as Auditorium).

The action has been brought by the government to obtain a decree dissolving the defendant Auditorium on the ground that it operated an illegal patent pool in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2.

The gravamen of the complaint is that the sole income of Auditorium is derived from royalties received from licenses and sub-licenses under certain air conditioning patents which it owns or controls; that at least 90 per cent. of comfort air conditioning installations in the United States use one or more of Auditorium patents and that more than 90 per cent. of comfort and industrial air conditioning installations are made by licensees of Auditorium.

It is charged that defendant Auditorium with its corporate stockholders and certain officers and directors of Auditorium and other defendant corporations have since 1927 been engaged in a conspiracy to acquire competing patents, to license others to install conditioning equipment under such patents upon the payment of excessive

and burdensome licensé fees, to exclude competitors from, and to monopolize for themselves, the business of manufacturing, distributing and selling air conditioning equipment in the United States.

In addition to Auditorium there are other corporate defendants and there are individual defendants. The corporate defendants are all stockholders of Auditorium. The individual defendants are connected either with Auditorium or with the other corporate defendants.

It will be unnecessary, and will serve no useful purpose, for me to go into the set-up of Auditorium with the other defendants.

This application is made upon the complaint and supporting affidavits. Issue has not yet been joined.

On this application, defendants Carrier Corporation, York Ice Machinery Corporation and American Blower Corporation through their representatives submit affidavits in aid of the government. These corporate defendants represent 60 per cent of the stock ownership of defendant Auditorium.

Defendant Auditorium and defendants Ross Industries Corporation, B. F. Sturtevant Company and several individual defendants connected with them oppose the government application.

Ross Industries and B. F. Sturtevant Company are the owners of 40 per cent of the stock of defendant Auditorium.

These defendants strongly urge that this court has not the power in an action of this nature to appoint a receiver pendente lite.

They insist that a search of the books fails to disclose a reported case, wherein the government has applied for and obtained the appointment of a receiver pendente lite in an equity suit brought by the United States for violation of the Sherman Anti-Trust Act.

The government cites in its brief three cases which it claims are precedents for its contention. These cases, however, treat of the appointment of a receiver after trial and in aid of the judgment. United States v. American Tobacco Co., 221 U.S. 106, 31 S.Ct. 632, 55 L.Ed. 663; United States v. Great Lakes Towing Co., D.C., 217 F. 656; United States v. Hartford-Empire Co., D. C., 46 F.Supp. 541. A study of these cases demonstrates to me that while the appointment of a receiver after trial in an anti-

trust case may be proper to effect dissolution, it should only be resorted to when necessary.

It will not be necessary for me to decide whether I have the authority to appoint a receiver herein inasmuch as I have decided that, even assuming that I have such authority, I feel that I should not exercise it.

■ The appointment of a temporary receiver in an equity case rests in the discretion of the court. It is a drastic interlocutory remedy. It should be sparingly exercised and should not be granted except in a clear case. Miller v. Van Schaick, D. C., 6 F.Supp. 633.

■ In passing on this question, I must look to the probabilities of plaintiff's ultimate success in the action. Perhaps the rule enunciated by Judge Woolsey in Miller v. Van Schaick, supra, is a bit too strict. Before a receiver pendente lite is appointed, the court should at least find from the papers that there is a reasonable probability of plaintiff's ultimate success.

In passing on this question I, of course, must take into consideration not only the papers submitted by the plaintiff but also those submitted by the opposing defendants. These defendants have presented to me opposing affidavits which are very strong and convincing. They are strong factually. True, most of these affiants are connected with Auditorium, with the corporate defendants (minority stockholders), or are themselves defendants. Still they hold such positions in the various companies that they are in a position to know of the business of defendant Auditorium, its set-up and the connection thereto of the corporate defendants.

These opposing defendants deny categorically the material allegations of the complaint; that Auditorium is operating an illegal patent pool or is conducting its business in violation of the Sherman Anti-Trust Law. They support these denials factually.

■ These opposing affidavits are of such nature that they raise a real issue and create in my mind such a doubt as to the ultimate success of plaintiff that in all conscience I do not feel justified in granting this drastic relief asked for by plaintiff.

We do have a rather peculiar situation presented. The affidavit of the government is supported by the three corporate defendants who own the majority of the stock of

Auditorium. This ordinarily would have great weight.

The weight to be given these affidavits is lessened by the fact that it clearly appears from the various affidavits that there is a controversy within the defendant Auditorium.

The opposing defendants insist and not entirely without reason that these majority stockholders have a selfish interest to serve; that they want a dissolution of Auditorium not because Auditorium is violating the Sherman Act, but because Auditorium is no longer useful to them in their business and that they desire to dissolve Auditorium to be relieved of the obligation to pay royalties.

It should be noted here that one of the reliefs asked for by the government is a dissolution of Auditorium.

It does appear that prior to the institution of this suit, the majority interests in Auditorium did attempt to dissolve the corporation and dedicate its patents to the public. They failed because they were unable to obtain the two-thirds consent of the stockholders, required by the state of New Jersey.

It is at least reasonable to believe, that were I to appoint a receiver pendente lite of Auditorium at this time upon the ground that it is an illegal patent pool and has no legal right to collect royalties, its business will be seriously affected and perhaps might end in dissolution. This, of course, is the ultimate end sought by the government and the majority interest, but it should only be attained after a fair trial on the merits.

The defendants Carrier Corporation, York Ice Machinery Corporation and American Blower Corporation, in their affidavits, concede the jurisdiction of the court herein; that they will not contest the allegations of the complaint herein, and will consent to a decree dissolving defendant Auditorium and dedicating its patents to the public. Nowhere in these affidavits is there an express admission that Auditorium is an illegal patent pool and that it has violated the Sherman Act.

At any rate, this concession of the majority stockholders does not necessarily bind Auditorium itself and the minority stockholders. They have a right to oppose the application of the government on the merits.

The government urges the appointment of a receiver at this time to conserve the assets of Auditorium. I see no danger of the assets of this corporation being wasted or impaired. As a matter of fact the affairs of Auditorium are being managed by the majority interests, who are aligned with the government. There has been no showing that they will waste the funds of Auditorium, or that they may not be trusted to carry on for the best interests of all concerned.

I think the government is unduly alarmed about the effect of the stockholders' action in the State Court. This is an action brought by the minority stockholders of Auditorium against some of its directors and officers. It is a stockholders' derivative action. Auditorium is only a nominal party. I cannot see how the assests of Auditorium will in any way be impaired by the prosecution of this action. If plaintiff is successful, Auditorium will profit thereby. If plaintiff is not successful, the only expense Auditorium will have will be its attorney's fee. I am informed that this will not be too considerable.

The government seems fearful that a receiver will be appointed in the State Court and that the government's position will be in some way affected if the government is successful in this suit. I am satisfied that the government's fears are unfounded. There appears to me to be little likelihood of the appointment of a State Court receiver. Even if there were, that is not sufficient reason for the appointment of a receiver pendente lite in this action.

I feel I should deny plaintiff's application.

The opposing defendants all assert that they are ready and willing to go to trial just as soon as issue is jointed. If both sides are diligent this case may be tried and all disposed of in a short time.

In the meantime the government urges that I appoint a receiver pendente lite to maintain the status quo. Ordinarily I would do this. I would do it here if no one would be harmed, but I am fearful of what would happen to Auditorium.

Motion denied.

Settle order on notice.